OTTO H. BAUER, Appellant, *v.* WILLIAM C. DEWEY,
Defendant.

JOHN H. DELACK, Respondent.

PARTIES — THIRD PARTY CANNOT INTERVENE IN ACTION FOR RECOV-
ERY OF MONEY ONLY. The Supreme Court has no authority under sec-
tion 452 of the Code of Civil Procedure to compel the plaintiff in an
action in which a money judgment only is sought and in which the title
to no real, specific or tangible personal property is involved, to bring in as
a defendant a third party on his own application.

*Bauer* v. *Dewey*, 56 App. Div. 67, reversed.

(Argued February 27, 1901; decided April 16, 1901.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, made Decem-
ber 7, 1900, affirming an order of Special Term granting an
application of John H. Delack to intervene, and directing the
plaintiff to make him a party defendant and to serve a sup-
plemental summons and complaint.

The action was brought by the plaintiff as assignee of a
claim of C. H. Diamond to recover twenty-five hundred dol-
lars, the amount agreed upon between the defendant and
Diamond as compensation for the latter's services as a real
estate broker. Soon after the commencement of the action
J. H. Delack made a motion to intervene, alleging in his
affidavit that he was entitled to one-half of the commissions
owing by the defendant for such services. He also set out
in his moving affidavits that he had made a memorandum by
which he agreed to accept two hundred and twenty dollars
for his interest in the claim, but that such agreement was
induced by false and fraudulent representations upon the part
of Diamond as to the amount of the commission to be paid
by the defendant, and that under the agreement between him-
self and Diamond he was to have one-half of the commissions
as against Dewey, amounting to the sum of twelve hundred
and fifty dollars. He further alleged that the transfer of the
claim against the defendant was by assignment first to

Diamond's wife and by her to the plaintiff ; that the purpose of such assignment was to cheat and defeat Delack in the collection of his share of such commissions, and that it was fraudulent and void.

Diamond made an affidavit, which was read in opposition to the motion, denying any fraud or false representations, and also denying that Delack was entitled to any portion of the commissions except the sum of one hundred and ten dollars, and that that amount was paid in full satisfaction of any claim he had in that behalf.

Upon these papers the Special Term granted an order permitting Delack to intervene, directing that he should be brought in as a party defendant and that a supplemental summons and complaint should be served upon him. That order was appealed from and affirmed by the Appellate Division by a divided court.

Subsequently a motion was made to allow an appeal to this court, which was granted and the following questions were certified : " 1. Has the Supreme Court power to compel the plaintiff, in an action in which a money judgment only is sought, and in which the title to specific property is not involved, to bring in as a defendant a third party on his own application, and to order a supplemental summons and complaint served, upon him ?   2. Has Delack, the petitioner herein, such an interest in the subject of this action as entitles him, on his own application, to be brought in as a party defendant by the proper amendment, under the provisions of section 452 of the Code of Civil Procedure ? "

*Henry H. Abbott* and *William C. Breed* for appellant. The Supreme Court is without power to permit an intervention, against the will of the plaintiff, in a common-law action in which a money judgment only is sought, unless the petitioner shows that he has some interest in the subject-matter of the action which may be affected by the judgment to be rendered. (*Chapman* v. *Forbes,* 123 N. Y. 532 ; *Hilton B. C. Co.* v. *N. Y. C. & H. R. R. R. Co.,* 145 N. Y. 390 ;

*Britton* v. *Bohde*, 85 Hun, 449; *Merchants' Nat. Bank* v. *Hagemeyer*, 4 App. Div. 52; *Montague* v. *J. & T. Co.*, 44 App. Div. 224.)

*William S. Ray* and *Frederic J. Swift* for respondent. The Supreme Court has the power to compel the plaintiff, in an action in which a money judgment only is sought and in which the title to specific property is not involved, to bring in as a defendant a third party on his own application and to order a supplemental summons and complaint served upon him. (*Rosenberg* v. *Salomon*, 144 N. Y. 92; *Uhlfelder* v. *Tamsen*, 15 App. Div. 436; *Graves E. Co.* v. *M. T. Assn.*, 85 Hun, 496; *Heffern* v. *Hunt*, 8 App. Div. 585.)

MARTIN, J. The last question certified is not a question of law which this court can determine. There is a conflict in the affidavits as to the facts relating to the transaction out of which the debt of the defendant arose. Whether Delack had any interest in it was a question of fact to be determined by the Special Term upon the affidavits submitted. With that we cannot deal.

The only question before this court is whether, under section 452 of the Code of Civil Procedure, the Supreme Court had authority to compel the plaintiff to bring in as a defendant a third party upon his own application where only a money judgment is sought and no specific property is involved. The provision of the Code relied upon is as follows: "And where a person, not a party to the action, has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

The purpose of this action was to recover a debt of the defendant to the plaintiff. The title to no real, specific or tangible personal property was involved. The claim of Delack was that by virtue of an agreement between himself and the plaintiff's assignor, he was entitled to one-half of the defendant's debt. Under these circumstances can it be said

that Delack was so far interested in the subject of this action as to entitle him to be made a party upon his own application? If the principles stated in the opinion in *Chapman* v. *Forbes* (123 N. Y. 532) are still the law, that case is conclusive authority against the construction adopted by the courts below. It is, however, insisted that the doctrine of that case, so far as it relates to the question here presented, has been overruled, or at least modified to an extent which renders it inapplicable by the cases of *Rosenberg* v. *Salomon* (144 N. Y. 92) and *Hilton Bridge Construction Co.* v. *N. Y. C. & H. R. R. R. Co.* (145 N. Y. 390, 396). In the *Rosenberg* case the title to specific personal property was involved, which the plaintiff brought replevin to recover. The action was against the sheriff who had taken the property by virtue of an execution. It was there held that the judgment debtors had such an interest in the property as to authorize the court to allow them to come in and defend. The *Hilton Bridge Company* case was to foreclose a mechanic's lien, and it was held that it was an action in equity, and, consequently, under the doctrine of the *Chapman* case, section 452 conferred upon the court authority to bring in a third person upon his own application.

While it must be admitted that there were statements in the opinions in these cases which, if given full effect, might perhaps be regarded as a modification of the decision in the *Chapman* case, still, when we consider only the questions decided in those cases, they are not in conflict with the doctrine of that case. Moreover, it is evident that the court had no intention of overruling or modifying it, or to hold otherwise than that in an action at law, where the plaintiff seeks a money judgment only, he cannot be compelled to bring in parties other than those he has chosen. This case very well illustrates the effect of permitting parties to intervene in such actions. If Delack were permitted to become a party to the action, other issues than those involved between the plaintiff and the defendant would be presented. Instead of its being an action merely to determine whether the defendant was indebted to the plaintiff, and if so, the amount, it would be

transformed into an action involving not only that issue, but the fraud of the plaintiff's assignor and in effect constitute an action to set aside a receipt or paper signed by Delack. We are of the opinion that section 452 furnishes no authority for such an order.

The order should be reversed, with costs; the first question certified answered in the negative, and the second, not being a question of law, should not be answered.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, VANN and LANDON, JJ., concur.

Order reversed, etc.