(38 Misc. Rep. 339.)

### CITY OF IRONWOOD v. COFFIN et al.

(Supreme Court, Special Term, New York County. June, 1902.)

1. JUDGMENT—LACHES—MOTION TO VACATE.

    A city in a foreign state sued in 1894 in the state to recover of a firm an issue of city bonds which it was claimed the firm had sold without authority, and on which issue they had paid $25,000 to the city before becoming insolvent. The action was allowed to slumber, and the attorneys for the city withdrew, but no substitution or discontinuance was ever had. In an action in the foreign state thereafter the whole issue of bonds was declared void. In 1897 the receiver of the insolvent firm recovered judgment by default for the reason that no reply was served by the city's attorneys to his counterclaim seeking to recover the $25,000 paid to the city. The city had at all times resisted payment of said judgment either to the bondholders or to the receiver, and moved to vacate the judgment. *Held,* that the motion would be denied if the receiver would, within the time fixed, deliver to the city all the bonds, the city in such case to pay the judgment, costs, and a counsel fee; but, if the bonds could not be delivered, plaintiff was to stipulate to sue to settle the rights in the judgment of the receiver and the bondholders, and execute a bond to secure the judgment.

City of Ironwood against William E. Coffin and others. Judgment for defendant Wickes on counterclaim. Motion to vacate granted on conditions.

Hawkins & Delafield (Lewis L. Delafield, of counsel), for plaintiff.
Edward S. Hatch (George C. Lay, of counsel), for defendant Wickes.

GREENBAUM, J. This is a motion to vacate and set aside a judgment of this court in favor of the defendant Thomas P. Wickes, receiver, an intervening party defendant, on a counterclaim against the plaintiff herein, entered upon its default on May 19, 1897. The action was originally begun by the city of Ironwood in September, 1894, to recover from the defendants Coffin & Stanton, a firm of New York bankers, 150 $1,000 bonds issued by it, and purchased of the plaintiff by the said Coffin & Stanton. The suit proceeded upon the theory that the sale had been unauthorized, and was invalid, in that it had been made upon credit, and the plaintiff in the complaint offered to restore to the defendant the sum of $25,000, which had been paid by said firm to the plaintiff on account of the purchase price of said bonds. This was the first and only payment made to the plaintiff for said bonds. In the month of October, 1894, an order was made in the above action on the application of the plaintiff appointing the New York Security & Trust Company receiver of the bonds sought

to be recovered in said action. In or about the same month the firm of Coffin & Stanton failed, and a receiver of their assets was appointed. It was then learned that the said defendants had disposed of the bonds by sale or hypothecation, and none of the said bonds were ever recovered by, nor reached the hands ·of, the receiver appointed in this action. The object of this action appearing to have become hopeless, the action was allowed to slumber, and early in 1895 the plaintiff's attorneys withdrew therefrom. No order of substitution was ever made or entered therein, nor was any order of discontinuance ever made or entered. In the meanwhile, and in 1895, an action was begun in Michigan against the city of Ironwood by the Manhattan Company of New York, who were the transferees of 70 of the said bonds (the transfer having been made to them by the said Coffin & Stanton to secure a loan of $50,000), to recover upon said bonds. The city of Ironwood resisted payment upon the ground that the bonds had been illegally issued. This contention was sustained on appeal, and the direction of a verdict in favor of the defendant affirmed. Manhattan Co. v. City of Ironwood, 20 C. C. A. 642, 74 Fed. 535. In February, 1897, Thomas P. Wickes was substituted as receiver of the assets, etc., of Coffin & Stanton, and upon the strength of the decision above referred to moved to intervene as a party defendant in this action. Leave was obtained and an answer served upon the attorneys who had originally represented plaintiff herein. Said attorneys had also been given notice of application for leave to intervene and serve an answer. Upon the plaintiff's default there- ' after in failing to serve a reply to the counterclaim contained in Wickes' answer, a judgment was entered thereon against the plaintiff for the $25,000 paid to plaintiff by the said Coffin & Stanton upon the purchase of the bonds, together with interest and costs, amounting in all to $32,381.43. Notice of entry of this judgment was served upon plaintiff's attorney, but, like all of the papers served since the intervention of Wickes, receiver, never was brought to the personal attention of any member of the firm of attorneys, but was disregarded by the clerks, upon the prior instruction given that said firm no longer represented plaintiff. Now, after a lapse of over five years, the plaintiff seeks to open its default, vacate the judgment, and be permitted to serve a reply to the counterclaim. At times from the summer of 1897 to the summer of 1900 negotiations had been pending between one Coombs, a Boston lawyer, on behalf of a number of the holders of the bonds in question and the city of Ironwood relative to a settlement by the said city of the claims of the bondholders, but the settlement was never consummated because of the inability to deliver up all of the bonds to the city. The bondholders sought to have the city satisfy their claims pro rata out of the $25,000. Of this the receiver had knowledge, and to it lent co-operation. In the summer of 1900, the attorney for the receiver communicated directly with the said city with a view to adjustment. The city refused, through its attorney, to recognize the validity of the judgment here, unless furnished with an exemplified copy thereof. The receiver thereupon in September, 1900, began an action in Michigan upon the New York

judgment, in which issue was joined by the city of Ironwood. The city claimed large damages by reason of the acts of the firm of Coffin & Stanton, and pleaded them as set-offs to the receiver's claim. It also attacked the validity of the judgment, and alleged other defenses. That action is still pending, and, unless again continued, will be reached for trial at the next (July, 1902) term of the court in Michigan. In November, 1900, the Chelsea Savings Bank and the Bennington County Bank, transferees of some of said bonds, began an action against the city of Ironwood and Wickes, receiver, in Michigan, on behalf of themselves and all other bondholders, to have said receiver's judgment, if valid, declared for their benefit (less proper indemnity and service compensation to said receiver), or, if the same be invalid, that the said city be declared indebted to said bondholders in the sum of $25,000, with interest. The said city resisted the claim of the bondholders in said action, and denied that the bondholders are the equitable owners in, and that the said receiver has an equitable interest in, the judgment in this court, though it contends that it has set-offs to the amount of said judgment, as set up in the receiver's action against it. The receiver in said action likewise contended that the bondholders were not entitled to the benefits of said judgment.

Upon this motion the city of Ironwood contends that the right to recover the original $25,000 paid it by Coffin & Stanton rests in the bondholders, and not in the receiver, who holds this judgment; and in support thereof, among others, cites Hoag v. Town of Greenwich, 133 N. Y. 152, 30 N. E. 842, and Gerwig v. Sitterly, 56 N. Y. 214. It is apparent that the contentions of the plaintiff on this motion and in the action in Michigan against it are wholly inconsistent, nor are the various attitudes of the receiver in entire harmony. There is a sharp conflict as to just when the city became aware, through its officials, of the entry of the judgment in this jurisdiction. Even assuming the fact as the plaintiff alleges it to be, it is clear that the plaintiff was guilty of gross laches in making this motion. The plaintiff's proposed reply herein contains two defenses, neither of which, if sustained, will terminate the three-cornered war waged between the plaintiff, the receiver, representing Coffin & Stanton's general creditors, and the bondholders. Indeed, this reply, taken together with the city's repudiation of its bonds and its determined effort to resist the claims of both the receiver and the bondholders, when by an omnibus suit of some kind the entire controversy would be justly disposed of, indicates a desire or attempt on plaintiff's part to hinder those equitably entitled thereto from recovering the $25,000 in which the plaintiff itself in good conscience would seem to have no right or interest. Having due regard, however, for the fact that plaintiff is a municipal corporation, toward which greater leniency is exhibited by the courts in matters of default and under all the circumstances in the case, it would seem that justice to all parties will be best subserved by the following disposition of this motion, viz.: The motion will be denied upon condition that the receiver, within a certain time, to be fixed in the order, upon further suggestions by counsel, deliver up, or procure to be delivered up, to the

plaintiff, all of the bonds of the issue in question, upon the delivery of which the plaintiff is to pay to said receiver the amount of his judgment, together with disbursements and reasonable counsel fee incurred since the entry of judgment, or, in the event of the failure or inability (within a fixed time) of the defendant to deliver up said bonds, the plaintiff is to stipulate to commence some action or proceeding in which the conflicting claims of the bondholders and the receiver may be determined; the plaintiff in such case to execute a bond to the defendant, approved by the court, securing the payment of the judgment, and stipulating to prosecute said action or proceeding with due diligence, and the said plaintiff in such case also to pay the disbursements and counsel fee as above indicated, and the defendants to stipulate that pending such suit all proceedings upon the judgment will be stayed. In case the conditions above imposed upon the plaintiff are not complied with, the other side standing ready to comply, the motion will be denied, with costs. In case the conditions or stipulations above imposed upon the defendants are not complied with, the other side standing ready to comply, the motion will be granted upon the payment of disbursements, taxable costs, and reasonable fee incurred after entry of judgment, and costs of this motion. Suggestions as to counsel fee and time to be fixed for the performance of the conditions above outlined may be submitted within ten days.

Ordered accordingly.