(39 Misc. Rep. 278.)

### CITY OF IRONWOOD v. COFFIN et al.

(Supreme Court, Special Term, New York County. November, 1902.)

**1. INTERVENTION—NECESSARY PARTIES.**

In 1894 a city in a foreign state sued certain defendants, a firm of brokers, for the value of city bonds they had sold wrongfully, as alleged, and offered to restore to them what had been paid by them on account. In a subsequent action in a federal court the bonds were declared void. A defendant intervening as receiver of the firm, which had failed in 1894, recovered in 1897 of the city on a counterclaim not defended by it the amount which said firm had paid the city on account. The default of the city was set aside in 1902 on terms giving the receiver the right to hold his judgment, provided he returned the bonds to the city. Certain bondholders and pledgees of the firm, who had become such before the action was brought by the city, asked leave to intervene so as to have the judgment of the receiver made a judgment in their favor, claiming to be the real parties in interest, and seeking to have their claims adjudicated. *Held*, that they were not necessary parties to a complete determination of the controversy, nor did they have an interest in the subject-matter, as required by Code Civ. Proc. § 452, permitting intervention in such cases.

**2. SAME—PARTIES IN INTEREST.**

Inasmuch as the city sought only to recover the value of the bonds in the hands of the original defendants, and did not seek any lien on any bonds which they had sold or pledged, the bondholders had no interest in the subject of the action entitling them to intervene.

**3. SAME.**

The right of the receiver to recover on his counterclaim was not a right of the receiver as representative of the bondholders to whom the bonds had passed from the original defendants before his appointment, as the right of the bondholders to recover the consideration paid remained always in them, and never passed to him.

Action by the city of Ironwood against William E. Coffin and others. Motion by bondholders to intervene as parties in interest. Motion denied.

Goodale, Hanson & Price, for petitioners.
Hawkins & Delafield, for plaintiff.
Edward S. Hatch, for receiver.

SCOTT, J. In the year 1893 the plaintiff, a municipal corporation, undertook to issue its municipal bonds, and certain officers of the city, assuming to act for the city, sold and delivered such bonds of the par value of $150,000 to the defendants Coffin & Stanton for a present cash payment of $25,000, and the promise of further payments in the future. Coffin & Stanton made no further payments, and the plaintiff began this action against them, tendering the amount

it had received for the bonds, with interest, and demanding a return of such bonds, or of so many of them as had not been sold or hypothecated, and an accounting for such as had been sold or hypothecated. Coffin & Stanton answered, denying that any of the bonds were in their possession at the time of the commencement of the action, the fact being that they had all been either sold or hypothecated. Coffin & Stanton soon after failed. In 1895 an action was brought in the federal court in Michigan against the plaintiff by certain holders of the bonds, in which action the bonds were held to be invalid, and to have been illegally issued. In 1897 the defendant Wickes was appointed receiver of Coffin & Stanton, and, on motion, was made a party to this action. He filed an answer, in which, relying upon the decision in Michigan, he set up a counterclaim for the amount paid by Coffin & Stanton for the bonds issued to them. No defense being made to his counterclaim, he obtained a judgment against the plaintiff for upward of $30,000. An order has recently been made (38 Misc. Rep. 339, 77 N. Y. Supp. 907) opening the plaintiff's default, and permitting it to come in and defend against the counterclaim upon terms. The present motion is made by holders of the bonds through sale and hypothecation, who asked that they be allowed to intervene in the action as parties in interest; that the order recently made, permitting the plaintiff to defend against the counterclaim of the receiver, be so amended as to allow the bondholders to come in and take advantage of the privilege extended to the receiver to deliver back the bonds to the plaintiff and hold the judgment; that the judgment in favor of the receiver be amended so as to be a judgment for the bondholders as the real parties in interest; and that the conflicting claims of the receiver and the bondholders be adjudicated, and the judgment amended accordingly.

The applicants' right to become parties to the action must be tested by section 452 of the Code of Civil Procedure, and to permit them to do so it must appear either that a complete determination of the controversy cannot be had without their presence, or that they have an interest in the subject of the action. The application is based upon the general proposition that the right to recover the consideration paid for these invalid bonds passed with the bonds themselves to the persons to whom Coffin & Stanton sold or pledged them; that is, to the applicants here, and those in like situation with them. Hence it is argued that the receiver stands merely in the position of trustee for the bondholders, who are the real parties interested in the judgment which he has recovered. If the general proposition above stated be admitted, the conclusion sought to be drawn from it seems to be fatally illogical, for, if the right to recover the consideration passed upon the sale or hypothecation of the bonds to the purchasers or pledgees, it had passed out of Coffin & Stanton long before the receiver was appointed, and hence never passed to the receiver, and could not have been made the basis of a judgment in his favor. Whatever may be his right to recover upon his counterclaim, it is not a right as the representative of the bondholders to whom the bonds had passed before his appointment. The right of the bondholders to recover the consideration paid never passed to him, but

remained always in them, and remains in them to-day; unless by some circumstance not arising out of or affected by this litigation it has been lost. The applicants, cannot, therefore, succeed on the ground that they are the real parties interested in the receiver's judgment. Nor can they succeed on the ground that they are interested in the subject-matter of the action. So far as they are concerned, the action, even under the allegation of the complaint, was not an action in rem. The plaintiff did not seek to impress a lien upon any of the bonds which had passed out of the possession of Coffin & Stanton, and did not seek to recover the bonds, or their value, from any one except Coffin & Stanton. In no sense were the applicants affected by or interested in the cause of action stated against Coffin & Stanton. No relief was asked against them, and no judgment that could have been entered upon the complaint could have affected them or the title to their bonds in any particular. The cause of action set up in the counterclaim was not, as has been shown, a cause of action based upon any supposed right of the applicants; and, in any event, as it was a cause of action for a money judgment only, the applicants cannot be allowed to intervene as parties to the litigation which may arise upon that counterclaim. Bauer v. Dewey, 166 N. Y. 402, 60 N. E. 30. This is neither the time nor the method for determining any conflicting claims there may be between the receiver and these applicants to the money to be derived from the receiver's judgment. The motion in all its branches must, therefore, be denied, with $10 costs.

Motion denied, with $10 costs.