(87 App. Div. 295.)

MERTENS v. MERTENS.

(Supreme Court, Appellate Division, First Department.   November 6, 1903.)

1. INTERVENTION—PARTY IN INTEREST.
    A legatee of a deceased member of a firm is not strictly interested in an action for partnership accounting by the administrator of another deceased member against the surviving member, within Code Civ. Proc. § 452, giving one having an interest in the subject of the action a right to be made a party.

2. SAME—DISCRETION—NECESSITY FOR PROTECTING INTEREST.
    A legatee of a deceased member of a firm should be allowed to intervene in an action for partnership accounting brought by the administrator of another deceased member against the surviving member, who was also the executor of the testate member, such intervention being necessary for protection of his interests, the executor having resisted an accounting as such, and when compelled to account claimed that he was only possessed of an insignificant amount of assets, and having been charged by the surrogate with a substantial sum, though the partnership matters were not considered.

Appeal from Special Term, New York County.

Action by Laura E. Mertens, administratrix of Robert E. Mertens, deceased, against Frederick W. Mertens, Jr., individually and as sole surviving partner of F. W. Mertens & Sons, and as sole executor of Frederick W. Mertens, deceased. Robert E. Mertens, Jr., applied for leave to intervene. From an order denying his application, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Roger Foster, for appellant.
Joseph M. Proskaur, for respondent.

HATCH, J.   Prior to the 18th day of January, 1899, the defendant, Frederick W. Mertens, Jr., was associated in business as a copartner with his father, Frederick W. Mertens, and his brother, Robert E. Mertens, under the firm name of Frederick W. Mertens & Sons. The firm was engaged in the business of manufacturing and selling cigars in the city of New York.   On the above-mentioned date Robert E. Mertens died, leaving him surviving his wife, Laura, who is the plaintiff herein, and the infant son Robert E. Mertens, Jr., upon whose behalf the present application is made.   In June, 1899, Frederick W. Mertens, Sr., died, leaving the defendant Frederick W. Mertens, Jr., the sole surviving partner of the firm and sole executor of the last will and testament of his father.   Under the will of Frederick W. Mer-

tens, Sr., a legacy of $25,000 was left to the infant Robert E. Mertens, Jr. After the death of his father, Frederick W. Mertens, Jr., continued to carry on the business formerly conducted by the firm under the firm name, and continues to use the same and the good will and assets connected therewith, and has rendered no accounting of such property. Prior to the commencement of this action, and in June, 1899, a proceeding was instituted by Laura E. Mertens, as general guardian of Robert E. Mertens, the present applicant, for an accounting by Frederick W. Mertens, as executor. The executor filed an account therein, claiming that the balance in his hands of the assets of the copartnership only amounted to the sum of $16.19. Upon the hearing had in that proceeding, the surrogate found that there was $5,119.17 of property in the hands of the executor belonging to the estate, and charged the executor therewith. The surrogate also found that this sum was exclusive of the value of the good will, assets, and uncollected accounts of the firm; but as to such matters the surrogate refused to entertain an accounting of the same, and decreed in respect thereto that the parties should be left to an action for an accounting in a court of competent jurisdiction, the surrogate holding that he has no jurisdiction to inquire into and adjudicate upon such matters. Thereupon, and in March, 1901, Laura E. Mertens, as administratrix, commenced this action; and the present application asks that the infant, Robert E. Mertens, be permitted to intervene for the protection of his interest in the $25,000 legacy left to him in his grandfather's will.

It is claimed that by the provisions of section 452 of the Code of Civil Procedure the infant is entitled as matter of strict legal right to intervene in this action. We are of opinion that such is not the correct construction of the section. As matter of strict law, the infant is not interested in the subject-matter of the action. His only interest is to secure the payment of his legacy, and this may be paid out of any property left by the testator; and, while it is doubtless true in the present case that the assets of the copartnership, for which the executor is bound to account, will furnish the fund from which the legacy is to be paid, yet the infant, as legatee, has no direct interest in an action brought for the purpose of an accounting of the copartnership. In the usual course of administration, and in contemplation of law, his contingent interest in the result of such an action, and in the prosecution thereof, through which the assets are to be reduced to possession and converted into money, is represented and protected by the executor of the estate; consequently there is no basis for saying that as matter of strict legal right the infant is interested in the action, within the meaning of the Code provision. It would follow from this construction of the provision that the infant was not a necessary and scarcely a proper party to such an action. It does not follow, however, that the court is without power to permit the infant to intervene. It may at all times protect the interests of the infant, and where it appears to be necessary for the protection of such interest the infant may be permitted to intervene. Haas v. Craighead, 19 Hun, 396. It is only in exceptional cases, however, that such an order will be made, and such motion will not be granted

unless there appear to be necessity therefor, and when without the intervention the interests of the infant may not be properly guarded. We think that the present case is so exceptional in character as to justify the order of intervention. The executor in the present case is evidently hostile to the interests of the infant. He has resisted an accounting, and when compelled to account claimed that he was only possessed of an insignificant amount of assets. He was charged by the surrogate with a substantial sum, and in arriving at that amount the surrogate excluded from his consideration the assets of the firm, its good will, etc., for which the executor is bound to account. The condition, therefore, which the law contemplates that the executor will represent and protect the interests of his cestui que trust wholly fails, for it is evident that the executor does not propose to surrender anything from which the legacy can be paid. The plaintiff in the action does not represent the interest of the infant. Her interest is as administratrix of the estate of her husband, and while doubtless natural love and affection would prompt her to protect the interests of her son, yet her attitude before the court may be one of direct antagonism to his interest. In contemplation of law, she is only engaged in swelling the amount to which her intestate was entitled; but, so far as appears, the infant received no benefit therefrom, and the amount, if any, which shall be finally adjudged as due the plaintiff, will not represent the fund from which the legacy is to be paid, but, on the contrary, may deplete such fund to the infant's harm. It appears, therefore, that in the present litigation the infant stands without any representation whatever in a litigation the proceeds of which, as shall be adjudged, will furnish the fund out of which his legacy will be paid. It is readily seen that the conditions presented are exceptional, and, as the infant will be without any representation of his interests unless he be permitted to intervene, we think that the motion should be granted in order that his rights and interests may be properly and fully protected.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion to intervene granted, with $10 costs, to abide event. All concur.