(97 App. Div. 527.)

## HONIGBAUM et al. v. JACKSON.

(Supreme Court, Appellate Division, First Department. November 11, 1904.)

1. INTERVENTION—WHEN ALLOWED—CLAIMS AGAINST DECEDENTS.

Code Civ. Proc. § 2718, provides for the referring of disputed claims against an estate, and that upon the entry of an order of reference the proceeding shall become an action in the Supreme Court. Section 452, subd. 2, provides that where one not a party to an action has an interest therein, and applies to be made a party, the court must direct him to be brought in by proper amendment. Held that, as section 452 does not apply to actions in which no specific or tangible property is involved and

a mere money judgment is sought, a legatee cannot intervene in a proceeding, under section 2718, which has assumed the status of an action in the Supreme Court, on the ground of collusion between the administrator and the claimant, and consequent danger to his legacy.

Appeal from Special Term, New York County.

Action by William S. Honigbaum and another against Bertha Jackson, administratrix of the estate of Jouis Jackson, deceased. From an order granting Henry Jackson leave to intervene, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

J. A. Seidman, for appellants.

J. J. Aronson, for respondent.

PATTERSON, J.   The order from which this appeal is taken cannot be sustained.   By it the respondent is allowed to intervene, and become a party to an action pending in the Supreme Court and on trial before a referee.   The plaintiffs made a claim, which is simply a money demand, against the estate of Louis Jackson, deceased.   That claim was resisted by the administratrix with the will annexed, and thereupon proceedings were taken under section 2718 of the Code, and a referee was appointed to pass upon its merits.   The respondent, who is a legatee under the will of the decedent, asks to be allowed to intervene, and assigns as grounds of his application that there is reason to apprehend that the administratrix is not acting in good faith; that she is in collusion with the plaintiffs, who are her children, and that she will not properly contest their right to recover; and that, if they do recover upon their asserted claim, it will be necessary to resort to the assets of the estate to pay the judgment, and among such assets are the articles specifically bequeathed to the respondent.   By the terms of section 2718 of the Code of Civil Procedure, the proceeding for the ascertainment of the validity of the plaintiffs' claim became, on the appointment of the referee, an action in the Supreme Court.   The statute is explicit. It says that "on the entry of such order, the proceedings shall become an action in the Supreme Court."   That being the status of the proceeding, the right to intervene in it must be controlled by provisions of law relating to that subject.   The right of a third party to intervene in an action is conferred by subdivision 2 of section 452 of the Code of Civil Procedure.   There has been a diversity of opinion as to the proper construction to be given to that provision of the Code, but its interpretation has been finally settled by the Court of Appeals.   In Bauer v. Dewey, 166 N. Y. 402, 60 N. E. 30, it was held that the Supreme Court has "no authority, under section 452 of the Code of Civil Procedure, to compel the plaintiff, in an action in which a money judgment only is sought, and in which the title to no real, specific, or tangible personal property is involved, to bring in as a defendant a third party on his own application."   In the present case there is merely a money demand. There is nothing in the action affecting the title to any property.

It is suggested by the respondent that an equitable power resides in the court to allow a stranger to intervene in an action where facts are presented showing that he has some possible interest in the event of that

action, and the case of Mertens v. Mertens, 87 App. Div. 295, 84 N. Y.
Supp. 352, is cited as authority for that proposition.    There the interest
of an infant was directly involved, and the court exercised its power to
guard the interests of a person not able to protect himself, and because
of the exceptional character of the case.    Haas v. Craighead, 19 Hun,
396, is also relied upon in support of the order now under consideration;
but that was a suit in equity, relating to something more than a mere
money demand.

The order appealed from should be reversed, with $10 costs and dis-
bursements, and the motion for leave to intervene denied, with $10
costs.    All concur.