## LONG v. BURKE.

(Supreme Court, Appellate Division, First Department. June 23, 1905.)

PARTIES—ACTION AT LAW FOR MONEY JUDGMENT—APPLICATION BY THIRD PERSON TO BE MADE PARTY DEFENDANT—STATUTORY PROVISIONS.

Neither Code Civ. Proc. § 820, providing that a defendant in specified cases may apply to the court for an order to bring in another person as defendant, nor section 452, declaring that, where a person not a party to the action has an interest in the subject thereof, or in real property,

the title to which may be affected by the judgment or in real property for injury to which the complainant demands relief, and applies to be made a party, the court must direct him to be brought in, authorizes the court to compel plaintiff in an action at law for a money judgment only to make a third person applying therefor a party defendant.

Appeal from Special Term, New York County.

Action by Walter P. Long, as trustee in bankruptcy of the firm of Meeker, Carter & Booraem, against Luke A. Burke, in which the Mt. Holly Brick & Clay Company made an application to be made a party defendant. From an order making the applicant a party defendant, plaintiff appeals. Reversed.

This action is brought by the trustee in bankrupcy of the firm of Meeker, Carter & Booraem to recover a balance of $1,487.22 claimed to be due from the defendant Burke for brick which it is alleged the firm sold and delivered to him. The Mt. Holly Brick & Clay Company, a foreign corporation, moved to be made a party defendant in the action, and in the affidavit read in support of the motion it is alleged that Meeker, Carter & Booraem, in selling a part of the brick to Burke, acted merely as the selling agent of the Mt. Holly Brick & Clay Company, which therefore claims to be entitled to the balance due from Burke for those brick. The affidavit further alleges that the brick furnished by the company were manufactured by it under a special order for work which was being done by Burke in the construction of an armory in the city of New York; and that on November 12, 1901, the company filed a municipal lien with the secretary of the armory board of said city for the balance due for the brick. It is also alleged that on the preceding day, November 11th, a collusive action was commenced for the dissolution of the firm of Meeker, Carter & Booraem; that a judgment was entered therein, and a receiver of the firm appointed; that the Mt. Holly Brick & Clay Company had no knowledge of this action, or any of the proceedings therein, until several days after the receiver had been appointed, and that upon learning of that fact it thereupon notified the receiver of the filing of its lien; that in December, 1901, involuntary bankruptcy proceedings were begun against the firm of Meeker, Carter & Booraem, and the plaintiff, Long, was appointed its receiver, and was thereafter informed of the lien of the Mt. Holly Brick & Clay Company; that on December 14th the firm of Meeker, Carter & Booraem was adjudged a bankrupt, and on May 9th the plaintiff, Long, was appointed its trustee in bankruptcy. It is further alleged that early in the year 1902 several actions were begun to foreclose municipal liens which had been filed against Burke, and in April of that year, upon the motion of Burke, those actions were consolidated, and the Mt. Holly Brick & Clay Company was named as one of the defendants in the consolidated action; and that on October 16, 1903, it served its answer therein; that thereafter several of the lienors entered into an agreement by which their claims were satisfied, and the action was discontinued as to them; that the consolidated action came on for trial as against the Mt. Holly Brick & Clay Company in November, 1904, and it was then agreed by the parties thereto that Burke should pay to the Mt. Holly Brick & Clay Company $1,494.04 in payment for the brick in question, etc., and the company should give him a bond indemnifying him against any action or claim that might thereafter be brought or made against him on account of such brick; that this arrangement was carried out by both parties, the Mt. Holly Company giving its bond as aforesaaid, and the order was entered discontinuing the consolidated action; that, although the plaintiff had knowledge of all these facts, no action was taken by him until December 5, 1904, when the present suit was begun. Upon these facts the Mt. Holly Brick & Clay Company bases its claim to an interest in the subject-matter of this action, which it contends gives to it the right to be made a party defendant therein. On the other hand, the affidavits read in opposition to the motion allege that, while the brick in question was manufactured by the Mt. Holly Brick & Clay Company, nevertheless it was sold absolutely by that company to the firm of Meeker, Carter & Booraem, without knowledge

of the parties to whom that firm intended to consign the brick;. that the firm of Meeker, Carter & Booraem became the owner of the brick by purchase from the Mt. Holly Company; that the firm, as owner, sold the brick to Burke, and did not in that transaction act as the selling agent of the Mt. Holly Brick & Clay Company; that the latter company never intended to look to Burke for payment for the brick until after the appointment of the receiver of the firm of Meeker, Carter & Booraem on November 11, 1901, and that it was subsequent to such appointment that the Mt. Holly Brick & Clay Company's lien was filed. The court granted the motion, giving leave to the Mt. Holly Brick & Clay Company to intervene as defendant. and from the order to that effect the plaintiff appeals.

Argued before HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Percy V. D. Gott, for appellant.
Andrew J. Shipman, for respondent.

O'BRIEN, J. Upon this appeal the question is presented as to whether in an action in which a money judgment only is sought the plaintiff can be compelled to bring in as a defendant a third party, who applies to the court to be permitted to intervene. The question is not a new one, and until the decision of the Court of Appeals in Bauer v. Dewey, 166 N. Y. 402, 60 N. E. 30, it was involved in some doubt. In approaching the subject it is important to determine under what section of the Code of Civil Procedure the present application is made—whether under section 452 or section 820, both of which relate to the intervention of third parties as defendants. The latter section, however, which is an alternative to interpleader, relates only to an application made by the defendant to bring in a third party, either where it is made to appear that such party makes a demand against the defendant for the same debt or property, or that the defendant disputes in whole or in part a liability asserted against him by different claimants, or has some interest in the subject-matter of the controversy which he desires to assert. It will be observed that the present application does not come under any of the provisions of this section, which therefore need not be further considered.

Section 452 of the Code of Civil Procedure reads as follows:

"The court may determine the controversy as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in. And where a person, not a party to the action, has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, or in real property for injury to which the complainant demands relief, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

It will be noticed that the second paragraph of this section relates to applications made by third parties to be allowed to become defendants, and it is therefore under this latter paragraph that the applicant must seek the relief which he demands. As bearing upon his right to be made a defendant, the controlling authority for many years was Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3, where, upon an appeal from an order granting a motion made by the

defendant to bring in an additional defendant, it was held, as correctly stated in the syllabus, that:

"The plaintiff in an action at law, who seeks nothing but a money judgment, cannot be compelled to bring in other parties than those he has chosen to make defendants."

Subsequent to that decision the construction generally accorded by the courts to the language of the opinion was that the relief provided for by section 452 of the Code of Civil Procedure should be confined to equity actions, and was not available in common-law actions, so called, in which a money judgment alone was sought. This construction was, however, modified somewhat by the later cases of Rosenberg v. Salomon, 144 N. Y. 92, 38 N. E. 982, and Hilton Bridge Co. v. Central R. R., 145 N. Y. 390, 40 N. E. 86, and as modified was followed by this court in Montague v. Jewelers & Tradesmen's. Co., 44 App. Div. 225, 60 N. Y. Supp. 680.

In Rosenberg v. Salomon, supra, speaking of section 452, the court said:

"So much of that section as is a literal re-enactment of the old section 122 applies only to equitable actions. We so held in Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3, but did not extend that construction to the new and added provision of section 452, which in terms permits persons not made defendants on their own application to come in and defend when they have an interest in the subject of the action the title to which may be affected by the judgment."

Without additional discussion as to how far the cases cited, and others that could be added, were justified by the language used in the opinion of Rosenberg v. Salomon, supra, we must regard the question now presented as being entirely covered and settled by the decision of the Court of Appeals in Bauer v. Dewey, supra, to which we first referred. As therein said:

"While it must be admitted that there were statements in the opinions in these cases [Rosenberg v. Salomon, supra, and Hilton B. Co. v. N. Y. C. R. R., supra], which, if given full effect, might perhaps be regarded as a modification of the decision in the Chapman Case, still, when we consider only the questions decided in those cases, they are not in conflict with the doctrine of the case. Moreover, it is evident that the court had no intention of overruling or modifying it, or to hold otherwise than that in an action at law, where the plaintiff seeks a money judgment only, he cannot be compelled to bring in parties other than those he has chosen."

And, as correctly formulated in the headnote, it was therein decided:

"The Supreme Court has no authority under section 452 of the Code of Civil. Procedure to compel the plaintiff in an action in which a money judgment only is sought, and in which the title to no real, specific, or tangible personal property is involved, to bring in as defendant a third party on his own application."

Applying the rule thus enunciated, which is controlling upon us, it follows that this motion should have been denied. It is obvious that this is neither an equitable action nor an action at law in which the title to "real, specific, or tangible personal property is involved," and therefore the court had no power to compel the plaintiff, where he seeks a money judgment only, to bring in a

third party on his own application as an additional defendant. The general rule has always been that in such an action the plaintiff has a right to determine whom he will sue, and he is not to be subjected to the increased burdens and the liability for more than one bill of costs in favor of additional defendants, merely because third parties are of the opinion that they could successfully resist the plaintiff's attempt to collect the money judgment from the particular person whom he has, in his own action, selected as a sole defendant.

The order appealed from must accordingly be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.