### DEICHES v. WESTERN DEVELOPMENT CO.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. SET-OFF AND COUNTERCLAIM (§ 9*)—EQUITABLE COUNTERCLAIM—DEFENSES.
    A defendant in an action at law may not plead an equitable counterclaim for the cancellation of an agreement between plaintiff and defendant and the members of a firm not made parties, but the facts are available only as a defense.

    [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 12; Dec. Dig. § 9.*]

2. TRIAL (§ 4*)—ACTION AT LAW—EQUITABLE ISSUES.
    Where the facts pleaded by defendant at law as an equitable counterclaim are available only as a defense, the issues raised on the facts pleaded in the form of a counterclaim for equitable relief and on the reply thereto cannot be tried in advance of the trial of the other issues.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 8–10; Dec. Dig. § 4.*]

Appeal from Special Term, New York County.

See, also, 142 N. Y. Supp. 933.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

LAUGHLIN, J. This is an action at law in which the defendant interposed an equitable counterclaim, among other things, for the cancellation of an agreement made between the parties and the firm of Otto Heinze & Co., the members of which are not parties to this action. It is manifest that the members of said firm are necessary parties to any action for the cancellation of the agreement.

[1] While, therefore, the defendant has in form pleaded an e table counterclaim for this and other relief, it is perfectly plain th. the counterclaim is not good, and that the defendant was not entitle. to any relief thereunder when the order was made, and if he were he

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

would not be so entitled now, for on an appeal from the order allowing an amendment to the answer and requiring the plaintiff to join the members of said firm as parties, which was argued and is to be decided herewith, we are reversing the order and denying the motion. The facts upon which the equitable counterclaim is based can therefore be of no avail to the defendant in this action except as a defense.

[2] Characterizing them as a counterclaim does not entitle the defendant to have a trial of the issues arising thereon at Special Term in advance of the trial of the other issues.   Cohen v. Am. Surety Co. No. 1, 129 App. Div. 166–171, 113 N. Y. Supp. 375.   If the facts pleaded in the counterclaim constitute a defense, they may be proved at Trial Term when the plaintiff brings the action on for a hearing; and, since for the reasons stated he cannot have the equitable relief demanded, there is no occasion for a separate trial of the issues arising on the facts pleaded in form as a counterclaim for equitable relief and on the reply thereto.   White v. Shonts, 154 App. Div. 428, 139 N. Y. Supp. 169.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.   All concur.

---

DEICHES v. WESTERN DEVELOPMENT CO.

(Supreme Court, Appellate Division, First Department.   July 10, 1913.)

PARTIES (§ 51*)—ACTION AT LAW—BRINGING IN THIRD PERSON TO LITIGATE EQUITABLE CLAIMS.

A defendant, in an action at law on notes executed by him, may not compel plaintiff to bring into the action the partners of a firm, by reason of the fact that he seeks by an equitable counterclaim the cancellation of a tripartite agreement between plaintiff and defendant and the partners, where neither the notes nor the agreement show that the partners are liable on the notes or over to defendant, since, if the facts relied on by virtue of the agreement constitute a defense, defendant may protect himself on proving the facts as a defense, and if they do not constitute a defense, and it is necessary to cancel the agreement, his remedy is by action against plaintiff and the partners and a stay of the action on the notes pending trial of the suit to cancel.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 77–82; Dec. Dig. § 51.*]

Appeal from Special Term, New York County.

See, also, 142 N. Y. Supp. 932.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.