DEICHES v. WESTERN DEVELOPMENT CO.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

PARTIES (§ 51*)—ACTION AT LAW—BRINGING IN THIRD PERSON TO LITIGATE EQUITABLE CLAIMS.

A defendant, in an action at law on notes executed by him, may not compel plaintiff to bring into the action the partners of a firm, by reason of the fact that he seeks by an equitable counterclaim the cancellation of a tripartite agreement between plaintiff and defendant and the partners, where neither the notes nor the agreement show that the partners are liable on the notes or over to defendant, since, if the facts relied on by virtue of the agreement constitute a defense, defendant may protect himself on proving the facts as a defense, and if they do not constitute a defense, and it is necessary to cancel the agreement, his remedy is by action against plaintiff and the partners and a stay of the action on the notes pending trial of the suit to cancel.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 77–82; Dec. Dig. § 51.*]

Appeal from Special Term, New York County.

Action by Maurice Deiches, as receiver of the Ætna Indemnity Company, against the Western Development Company. From an order granting leave to defendant to serve an amended answer and directing that individuals composing a firm be brought into the action as additional parties defendant, and that the summons and complaint be amended accordingly, and that plaintiff cause the same to be served on them, plaintiff appeals. Reversed, and motion denied.

See, also, 142 N. Y. Supp. 932.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

George M. Mackellar, of New York City, for appellant.

Frank H. Platt, of New York City (Robert H. Ewell, of New York City, on the brief), for respondent.

LAUGHLIN, J. This is an action at law to recover $30,000 and interest on six promissory notes for $5,000 each, made by the defendant payable to its own order, which, it is alleged, the defendant indorsed and delivered for value before maturity to the Ætna Indemnity Company, of which the plaintiff is receiver. The defendant interposed an answer containing a counterclaim for the cancellation of an agreement dated November 19, 1909, executed by and between the defendant as party of the first part, the Ætna Indemnity Company as party of the second part, and said copartnership firm of Otto Heinze & Co. as parties of the third part, pursuant to which, it is alleged, the notes upon which the action is based, and two others not yet due, were given by the defendant to said indemnity company upon an agreement on its part that upon payment of the notes and of $5,000 in addition thereto it would transfer to the defendant six certain judgments against Otto Heinze & Co.; and it is alleged therein that there were no such judgments as those referred to in the agreement, that the agreement was executed through mutual mistake of fact with respect to the existence of the judgments, and that defendant has made the cash payment of $5,000, and judgment is demanded that plaintiff be restrained from indorsing or transferring the notes, and that they be surrendered for cancellation, and that the agreement be canceled. The plaintiff served a reply to the counterclaim denying the allegations with respect to the agreement having been executed by mutual mistake, and with respect to the judgments not being in existence.

The said tripartite agreement, a copy of which was annexed to and made a part of the answer, shows that it was made for the purpose of readjusting the affairs of Otto Heinze & Co., and that the plan was that the defendant agreed to purchase certain judgments against said firm which, it was recited in the agreement, were owned by the indemnity company, and upon payment of certain amounts therein specified was to receive an assignment of the judgments, and it is to be inferred, although not expressly stated, that the defendant was also to come into possession of the assets of said firm, which it is recited in the agreement exceeded its liabilities. These facts are also pleaded as a separate defense to the action. The sufficiency of the facts pleaded in the separate defense is not presented for decision and no opinion is expressed thereon. The point presented for decision is whether the Special Term properly authorized the defendant to amend its answer, and had power to require plaintiff to bring in the members of said firm as parties defendant. The amendment to the answer which has been allowed related only to the equitable counterclaim and was evidently only desired in connection with bringing in the members of the firm, and to perfect the counterclaim.

Neither upon the face of the notes nor by the agreement does it appear that the members of the Heinze firm were to become parties to or in any manner liable upon the notes, or even liable over to defend-

ant. If the facts pleaded constitute a defense to the action on the notes, the defendant may protect itself from liability on proving the facts as a defense. If, however, they do not constitute a defense, and it be necessary for the protection of the defendant to have the agreement canceled, then its remedy would seem to be, to bring an action against the plaintiff and the members of the Heinze firm for the requisite relief, and to obtain a stay of proceedings in this action pending the trial of its suit in equity.

There is no authoritative precedent for requiring a plaintiff in an action at law at the instance of a defendant to bring in third parties and litigate an equitable counterclaim (Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3; Bauer v. Dewey, 166 N. Y. 402, 60 N. E. 30; Long v. Burke, 105 App. Div. 457, 94 N. Y. Supp. 277; Dickinson v. Tysen, 125 App. Div. 735, 110 N. Y. Supp. 269); but a different rule prevails with respect to suits in equity (Dickinson v. Tysen, supra). The authority upon which the learned counsel for the respondent appears to rely is Gittleman v. Feltman, 191 N. Y. 205, 83 N. E. 969. That was likewise an action at law; but there the application to bring in an additional defendant was made by the *plaintiff,* and the court announced the true test of the right to amend the summons and complaint pursuant to the provisions of section 723 of the Code of Civil Procedure by bringing in another party, to be whether such party could have been joined as a party defendant originally. The opinion contains some observations which tend to support the contention of the respondent; but they are to be read in the light of the facts upon which the court was adjudicating, and as so read they contain no warrant for the order from which the appeal has been taken.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.