The Touhey Company, Inc., Plaintiff, *v.* Shongo Construction Company, Inc., Defendant.

(Supreme Court, Monroe Special Term, May, 1917.)

Actions — subject of — intervention — parties — title — equity — real property — judgments — bar — Code Civ. Pro. § 452.
Injunctions — actions — intervention — pleading — municipal corporations — damages — equity.

  Intervention at the instance of a third party will be ordered under section 452 of the Code of Civil Procedure in an action in equity where a complete determination of the controversy between the parties cannot be had without it, or where the third party has an interest in real property for injury to which the complaint demands relief, or where he has an interest in real property the title to which will be affected by the judgment or where the third party has an interest in the subject of the action, but not otherwise.

  A third person cannot be said to have an interest in the subject of an action where it is not necessary to ascertain and settle his rights before those of the parties to the suit can be determined, where there is no injury or title to real property involved in the action in which he has an interest, where there is no cause of action stated in the complaint against him, where there is no recovery over against him by the defendant, or where the judgment is not a bar to any cause of action he may have against the defendant.

  In an action in equity to restrain a contractor with a city from prosecuting a public improvement in a negligent manner and to recover damages therefor, the city will not be allowed

to intervene where intervention is not necessary to determine the rights between the parties, where no injury to or title in real property in which the city has an interest is involved, where there can be no recovery against the city on the cause of action set forth in the complaint, or a recovery over against the city by the contractor, or by the contractor against the city.

MOTION to allow the city of Rochester to intervene as a party defendant.

B. B. Cunningham, corporation counsel (Charles L. Pierce, of counsel), for motion.

Averill & Tompkins (Robert Averill, of counsel), opposed.

RODENBECK, J. 1. This action is brought to restrain the defendant from negligently operating under a contract for the deepening of the Genesee river and to recover the damages occasioned thereby. The city asks to intervene on the ground that it has such an interest in the public improvement that it should be brought in as a party and should be allowed to defend. The question involves the construction of section 452 of the Code of Civil Procedure which is the only provision applicable to a situation such as exists here where a third party seeks to intervene. Intervention under section 820 only relates to an application by a defendant to bring in a third party either where it is made to appear that such third party makes a demand against the defendant for the same debt or property or where the defendant disputes in whole or in part a liability asserted against him by different claimants or where he has some interest in the subject-matter of the controversy which he desires to assert. *Long* v. *Burke,* 105 App. Div. 457. Section 447 of the Code of Civil

Procedure relating to parties defendant, and section 723 of the Code, relating to bringing in additional parties, have no bearing on this motion since the latter section relates to an application by a party to amend this proceeding.

This application is by a third person not a party to be permitted to be brought in and the only section applicable is section 452 of the Code. Prior to the enactment of this section the plaintiff in an action at law under the common law could not be compelled to bring in any other party (*Chapman* v. *Forbes,* 123 N. Y. 532, 537), but in a suit in equity persons who were interested in the question involved in the litigation and upon whose interests the decree might have an effect were proper and necessary parties according to the circumstances. Id. The rule in equity was partly reduced to statutory form in the Code of Procedure and the section consisted of the first sentence of section 452 of the Code of Civil Procedure. *Rosenberg* v. *Salomon,* 144 N. Y. 92, 93; *Chapman* v. *Forbes,* 123 id. 532, 538. Later this section was amended so as to make it applicable to actions at law and as it now stands a third party may be brought into an action upon his motion where it appears that he has an interest in the " subject thereof, or in real property, the title to which may in any manner be affected by the judgment, or in real property for injury to which the complaint demands relief." Two things are necessary as will be observed by reference to the section of the Code as it now stands. The application is required to be made by a third party and the provision applies both to actions at law and in equity.

2. There is no difficulty in interpreting the section where the action relates to an injury or title to real property which will be affected by the judgment, but the language of the section allowing a person to inter-

vene where he has " an interest in the subject " of
the action is so broad that it is difficult to define the
exact scope of its application.   Where a complete
determination of the controversy cannot be had with-
out his intervention, that is, where his rights must be
ascertained and settled before the rights of the par-
ties can be determined, it is obvious that he has such
an interest that he should be permitted to intervene.
*Chapman* v. *Forbes, supra,* 538.   Where the determina-
tion of the subject-matter involved in the action can be
completely had between the original parties, there is
no right to intervention under this language.   *Hilton
Bridge Const. Co.* v. *N. Y. C. & H. R. R. R. Co.,* 145
N. Y. 390, 396.   The interpretation, however, of the
section is not limited to cases where a complete
determination of the controversy cannot be had with-
out the intervention of a third party for such a person
may have an interest in the subject-matter of the con-
troversy and still may not be a necessary party to
determine the rights between the original parties.
There may be a cause of action stated in the complaint
against him or the defendant may have a recovery
over against him or he may have a cause of action
against the defendant which the judgment may affect.
His interest, however, must be a material interest
affecting him in some legal right.   The meaning of the
word " interest " as used in section 452 can best be
gathered from the specific cases in which the section
has been applied.   An assignee for creditors will be
allowed to intervene in an action on a note against
his assignor where the judgment will reduce the prop-
erty which may come into his hands.   *Merchant's
National Bank* v. *Hagemeyer,* 4 App. Div. 52.   A prin-
cipal will be allowed to intervene in an action brought
on a surety bond where there may be a recovery over.
*Matter of Mason,* 12 Misc. Rep. 77.   So also in an

action on an undertaking in attachment against a surety. *Feinburg* v. *American Surety Co.,* 33 Misc. Rep. 458. In an action on a certificate of membership in a corporation a third party may intervene where it appears that he has an interest in the certificate under certain conditions which have been complied with. *Montague* v. *Jewelers & Tradesmen's Co.,* 44 App. Div. 224. In an action of replevin by a third party against a sheriff to recover property levied against the judgment debtor will be allowed to intervene because of his interest in the property. *Rosenberg* v. *Salomon, supra.* But no intervention will be allowed under section 452 where the action is one for a money judgment only, and the judgment would have no effect upon any rights of the parties sought to be brought in (*Chapman* v. *Forbes, supra,* 532) ; nor in an action for services where if a third party had been made a defendant a demurrer would have been good (*Christman* v. *Thatcher,* 48 Hun, 446) ; nor in an action for broker's commissions where the only claim made by the third party is an interest by assignment from plaintiff's assignor in the amount sought to be recovered (*Bauer* v. *Dewey,* 166 N. Y. 402) ; nor in an action for goods sold and delivered by a trustee in bankruptcy where the claim is that the bankrupt merely acted as selling agent and the judgment would not be a bar to a recovery by a third party against the defendant (*Long* v. *Burke,* 105 App. Div. 457) ; nor in an action upon a debt where the judgment is not a bar (*Britton* v. *Bohde,* 85 Hun, 449) ; nor in an action for money where it is claimed that the defendant who is an administratrix will not defend a claim in good faith and that if a judgment is had the assets of the estate will be unnecessarily depleted thereby. *Honigbaum* v. *Jackson,* 97 App. Div. 527. The refusal, however, to allow a third party to intervene will not prevent that

party from obtaining an order allowing him to take care of his interest by appearing at the trial and taking part in the proceeding. *Clay* v. *Clay,* 21 Hun, 609; *Tilby* v. *Hayes,* 27 id. 251; *Hoffman* v. *Steinau,* 34 id. 239. These cases where intervention has been permitted or denied are instances involving actions at law growing out of the interpretation of section 452 of the Code. The same section applies to actions in equity and the cases cited will serve as a guide for the application of the section in such actions. In equity actions as in actions at law it must appear that there can be no complete determination of the controversy without the intervention of the third party or that the third party has an interest in real property for injury to which the complaint demands relief or in real property the title to which may in some manner be affected by the judgment or that he has an interest in the subject of the action as that term has been defined and illustrated by the decisions of the courts. Code Civ. Pro. § 452.

3. Applying the provisions of section 452 of the Code and the decisions construing it to the case at bar it is evident that the city of Rochester has no right to intervene. The action does not seek to restrain the city from deepening the bed of the river, but merely to restrain the negligent performance of the work by the contractor. The action can be determined without the presence of the city. It is unnecessary that it should be made a party in order to have a complete determination. There are no rights of the city to determine before passing on the rights of the parties to the suit. The judgment will not affect the city with respect to any claim which it might have against the contractor or the contractor against the city. The action does not relate to real property or any specific or tangible personal property in which

the city or the defendant has an interest and the city has no such interest in the controversy as to justify the court in permitting it to intervene.

Motion denied, with ten dollars costs.