## THE MARISKA.

(District Court, N. D. Illinois, N. D.    March 26, 1900.)

### No. 9,149.

COLLISION—RECOVERY OF DAMAGES—SUIT TO ENFORCE CONTRIBUTION.

Admiralty Rule 59, which authorizes a vessel libeled for collision to bring into the suit another vessel claimed to have been jointly in fault, and subject her to joint liability, cannot be so construed as to extend the exception which it makes to the general rule that no contribution can be enforced between joint tort feasors beyond its terms; and where, in such a suit, service is obtained on one only of two vessels, whose joint negligence contributed to cause the injury sued for, and a decree is rendered against that one for the entire damage, such rule does not entitle her owners to maintain an independent suit against the other to enforce contribution.

In Admiralty. Suit to enforce contribution on account of damages recovered from libelant for collision. On exceptions to libel.

Robert Rae, for libelant.

C. E. Kremer, for respondent.

KOHLSAAT, District Judge. The libel herein alleges that the steamer Jay Gould, owned by libelant, and the steamer Mariska, were jointly at fault in causing the sinking, by collision, of the barge Helena; that the owners of the Helena libeled the Jay Gould and the Mariska for said cause; that no service was had on the Mariska, for the reason that she kept without the jurisdiction; that service was obtained against the Jay Gould, and a decree entered against the

latter for approximately $4,000; that the costs incurred by the Jay Gould in and about said suit, including damages awarded for the death of a seaman of the Helena caused by said collision, increased the amount awarded against the said Jay Gould to the extent of $6,000 over and above the sum which the said Jay Gould should have paid as its proportion of the damages occasioned by said collision; that said sum of $6,000 ought to be paid by the Mariska as its proportion of said damage; and that said sum of $6,000 is now due and owing from the Mariska to the Jay Gould on account of the payments made by the latter for the former as above set forth. The theory under which libelant seeks to recover is that under admiralty rule 59 it had the right to bring in the respondent to share with it the payment of the damages occasioned to the Helena; that by the tort of respondent it became impossible to obtain service upon it in the suit brought by the Helena, as provided in said rule 59; that respondent is equitably bound to pay one-half of the damage caused to the Helena; and that libelant should be in this suit subrogated to the rights and lien of the Helena against respondent for the purpose of enforcing contribution on the part of respondent which in equity and good conscience it should pay on account of the disbursements of libelant as aforesaid.

Before said rule 59 was adopted by the supreme court, there was no method by which one tort feasor could cause a joint tort feasor to be brought into a suit to share in the payment of the damages caused by their joint tort. It is only in admiralty that one tort feasor can compel contribution on the part of a joint tort feasor, and this solely by virtue of said rule 59. In view of the authority by which the supreme court promulgates rules in admiralty, it seems clear that in the construction and interpretation of such rules courts must proceed in analogy to the lines of interpretation and construction of statutes. Proctor for libelant insists that there was an antecedent right in favor of the libelant to have the respondent bear half the damage caused by their joint tort, and that rule 59 simply afforded a remedy by which to enforce that right. From this premise he reasons that under the principles governing admiralty proceedings the court will afford other adequate remedy where rule 59 does not, by its terms, apply. In my opinion, this is a non sequitur. If the right existed, then the logical deduction from proctor's reasoning is that rule 59 was unnecessary. But it has been held that, but for rule 59, libelant would not have even the right therein granted. Under familiar rules of statutory construction and interpretation, the scope of this rule could not be enlarged by implication. At common law, even if a judgment were entered against two joint tort feasors, plaintiff would be at liberty to issue execution against one only, and contribution could not be compelled by that one as against the other. In the case at bar the decree against the Jay Gould is not res adjudicata as against the Mariska in any aspect of the case, but I am of the opinion that it is not necessary to base the decision upon that ground. Rule 59 does not extend to the facts of this case. An additional rule would be necessary to cover libelant's contentions. The exceptions to the libel are sustained.