## THE IRA M. HEDGES.

(District Court, S. D. New York. April 3, 1908.)

JUDGMENT—EFFECT OF JUDGMENT OF STATE COURT IN ADMIRALTY—SUIT TO ENFORCE CONTRIBUTION FROM JOINT TORT-FEASOR.

The owner of a vessel, who has been held liable in an action at law in a state court for damages caused by collision, cannot maintain a suit in admiralty to compel contribution from another vessel, alleged to have also been in fault for such collision, especially where he failed to avail himself of a provision of the state statute under which he might have brought in the owner of such other vessel in the state court.

In Admiralty. On exception to libel for want of jurisdiction.

Robinson, Biddle & Benedict, for libellant.

Amos Van Etten, for respondent.

ADAMS, District Judge. This action was brought by the Lehigh Valley Railroad Company against the tug Ira M. Hedges, upon a cause of action stated in the libel as follows:

"Third: On or about the 7th day of June, 1904, at about 6:10 P. M., the tug 'Slatington' left Pier 44, North River, with carfloat 'No. 22' alongside on the port side, bound for the Lehigh Valley Railroad Terminal at Jersey City. The said tug was properly manned and equipped and had a lookout who was attentive to his duties stationed forward on top of the cars.

When about amidstream and headed toward the Jersey Shore, the tug 'Ira M. Hedges' was seen coming up the River well off on the port side. The 'Hedges' had two stone scows in tow, one on each side. In this situation the 'Slatington' blew a signal of one whistle; but this signal was not answered by the 'Hedges,' which continued on her course. The 'Slatington,' receiving no answer, and seeing that the 'Hedges' was not changing her course, was stopped, alarm whistles were blown, and the engines were put in reverse motion; but the starboard corner of the scow 'Helen,' on the starboard side of the 'Hedges,' collided with the port corner of float 'No. 22,' damaging the scow and causing some damage to the guard rail on carfloat 'No. 22.'

The tide at the time was about high water slack, and the wind light from the southwest.

Fourth: Thereafter the Rockland Lake Trap Rock Company, owner of the scow 'Helen,' began an action in the Supreme Court of New York for Rockland County against the libellant, to recover the damages to the scow 'Helen' caused by said collision. The said action came on for trial before Mr. Justice Kelly and a jury; and after hearing the evidence, a verdict was rendered for the Lehigh Valley Railroad Company. The cause was thereafter appealed by the owner of the 'Helen' to the Appellate Division, for the Second Department, and such proceedings were had that the Appellate Division thereafter reversed the order dismissing the complaint, and remanded the cause for a new trial.

Thereafter the cause came on for a new trial before Mr. Justice Morschauser and a jury, and such proceedings were had that a verdict was rendered in favor of the plaintiff and against the libellant herein for the damages sustained by the scow 'Helen,' and thereafter the costs were taxed and judgment entered on June 10, 1907, against the libellant herein for the damages sustained by the scow 'Helen,' with interest and costs, in the sum of Twelve hun-

dred and nine and 31/100 Dollars ($1209.31), which judgment the libellant thereafter paid.

The libellant expended in defending said action in counsel fees, witness fees and other expenses, the sum of Seven hundred and nineteen Dollars ($719.00).

Fifth: The said collision and the damages consequent thereon were caused and contributed to by the negligence of the tug 'Ira M. Hedges,' or those in charge of her navigation, in the following, among other particulars which will be pointed out at the trial:

I. In not having any, or any proper, lookout.

II. In not answering the one whistle signal of the 'Slatington.'

III. In that, having the 'Slatington' on her starboard side, and the vessels being on crossing courses, she did not keep out of the way.

IV. In that she did not stop and back in time to avoid a collision.

Sixth: That all and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

Wherefore the libellant prays that process in due form of law according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction may issue out of and under the seal of said Court against the steamtug 'Ira M. Hedges,' her engines, boilers, tackle, &c., and that said steamtug, her engines, boilers, tackle, &c., may be seized and sold to pay the amount of the claim set forth in this libel, together with interest and costs, and for such other and further relief as may appear to this Honorable Court to be just and proper."

The Cornell Steamboat Company appeared in the action as claimant of the Hedges, as owner in possession and filed an exception to the libel as follows:

"The Cornell Steamboat Company appears specially in this action and excepts to the libel filed herein in this Court, upon the ground that the same does not state a cause of action, and the matters therein set forth are not within the jurisdiction of this Court.

Wherefore, this claimant prays that the libel herein be dismissed with costs."

While the libel on its face would seem to claim a right to recover what it has been obliged to pay, yet it is urged that it only seeks contribution because the Hedges was in fault as a joint tort-feasor and urges that although the action could not be maintained at common law, the equitable powers of the admiralty are sufficient to give jurisdiction and create a right of recovery should the Hedges be found, upon trial, to have been a participant in the wrong done. Certain authorities have been cited to support the contention, viz.: The Mariska (D. C.) 100 Fed. 500; Id., 107 Fed. 989, 47 C. C. A. 115; Erie Railroad Co. v. Erie and Western Trans. Co., 204 U. S. 220, 27 Sup. Ct. 246, 51 L. Ed. 450. Those, however, were admiralty cases and they do not pretend to give admiralty jurisdiction to correct injustice claimed to have arisen through defects in the common law system, to which a party has a constitutional right in marine matters, not actions in rem, as well as in others, to resort.

It is contended that the common law system is so deficient that a party may recover there against a single wrong-doer, where there is another, or others, equally culpable, without any right of contribution. It is true that an injured person may recover from any one of several joint tort-feasors, if no attempt is made to reach the others but it seems too much to say that there is no right to bring in others. On

the contrary, it is provided in the New York Code of Civil Procedure as follows:

"§ 452 (Am'd. 1901.) When court to decide controversy, or to order other parties to be brought in.

The court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in. And where a person, not a party to the action, has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, or in real property for injury to which the complaint demands relief, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

"§ 723. (Am'd, 1877, 1900.) Amendments by the court; disregarding immaterial errors, etc.

The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading, or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting an allegation material to the case; or, where the amendment does not change substantially the claim or defence, by conforming the pleading or other proceedings to the facts proved. And, in every stage of the action, the court must disregard an error or defect, in the pleadings or other proceedings, which does not affect the substantial rights of the adverse party. When amending a pleading or permitting the service of an amended or supplemental pleading in a case which is on the general calendar of issues of fact, the court may direct that the case retain the place upon such calendar which it occupied before the amendment or new pleading was allowed, and that the proceedings had upon the amended or supplemental pleadings shall not affect the place of the case upon such calendar, or render necessary the service of a new notice of trial."

These sections have recently been before the New York Court of Appeals in Gittleman v. Feltman, 191 N. Y. 205, 83 N. E. 969. In an action to recover for personal injuries, an order was made permitting the plaintiff to bring in an additional defendant, which it claimed was a joint tort-feasor with the other defendants. An appeal was taken, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 26, 1907. The court of appeals said (pages 209, 210 of 191 N. Y., page 970 of 83 N. E.):

"The questions certified in this case are:

First. 'Should the motion of the plaintiff to bring in the Surf Amusement Company as a party defendant herein have been granted?'

Second. 'Has the Supreme Court, upon the motion of the plaintiff, in an action to recover damages for personal injuries resulting from negligence, the power to bring in as defendant a party not named as a defendant at the time of the commencement of the action, against the objections of the defendants originally named and of the proposed new defendant?'

The granting of a motion of this character rests in the sound discretion of the court. It may grant in the furtherance of justice, on such terms as it deems just. The jurisdiction of this court is limited to the review of questions of law, and it, therefore, cannot review the discretion of the Special Term of Appellate Division. We, therefore, have no power to answer the first question certified. The second question, however, is as to the power of the Supreme Court to grant the motion, which calls for an interpretation of the provisions of the Code referred to. With reference to this question we have the power to determine the same, and we think that it should be answered in the affirmative, and the order appealed from affirmed, with costs."

It would appear, therefore, that in this state at least, the common law courts are not so deficient in power that it is necessary for parties to resort to a court of admiralty to secure justice in a case of this kind.

But suppose that justice can be better reached in a court of admiralty, does that give a litigant a right to resort to it in all events? It is doubtless true, that an admiralty judge is better qualified to determine controverted questions of fact and law in a complicated collision case, for example, but that does not prevent the common law courts from finally deciding questions of that nature, according to their methods, by actions in personam.

In Schoonmaker v. Gilmore, 102 U. S. 118, 119, 26 L. Ed. 95, it was said:

"The single question in this case is, whether the courts of the United States, as courts of admiralty, have exclusive jurisdiction of suits in personam, growing out of collisions between vessels while navigating the Ohio River. This is a Federal question, and gives us jurisdiction; but we cannot consider it as any longer open to argument, as it was decided substantially in The Moses Taylor, 4 Wall. 411, 18 L. Ed. 397; The Hine v. Trevor, 4 Wall. 555, 18 L. Ed. 451; The Belfast, 7 Wall. 624, 19 L. Ed. 266; Leon v. Galceran, 11 Wall. 185, 20 L. Ed. 74; and Steamboat Company v. Chace, 16 Wall. 522, 21 L. Ed. 369. Judiciary Act Sept. 24, 1789, c. 20, § 9, 1 Stat. 76, reproduced in section 563, Rev. St. par. 8 (U. S. Comp. St. 1901, p. 457), which confers admiralty jurisdiction on the courts of the United States, expressly saves to suitors, in all cases, the right of a common-law remedy, where the common law is competent to give it. That there always has been a remedy at common law for damages by collision at sea cannot be denied."

The principle is well established that where a court obtains jurisdiction of a cause of action, it retains it, to the exclusion of all other courts, to the end. The libellant here seeks to create a right, which apparently does not exist and never has existed. The respondent had a right to invoke the common law remedy. In the trial of the action therein, the defendant was justified in contending, as it (now the libellant here) seeks to establish, that the negligence was partly imputable to the tug Hedges. In order to recover in the state court, it was necessary to show some negligence on the part of the Slatington. Evidently the jury was finally convinced of the latter's fault, hence the verdict, which is made the basis of the claim here. It seems to be an injustice that the Hedges, or her owner, if she was in fault as alleged, should not respond for a part of the loss but the libellant failed to resort to means which the state law provided for bringing in the other defendant and I do not think it is now in a position to invoke the jurisdiction of this court to enforce contribution. If that was not attainable in the common law proceeding, it was an incident of the methods prevailing there and cannot be made the basis for a resort to admiralty.

The exception is sustained.