JOHN MERLETTE, Respondent, *against* THE NORTH AND EAST RIVER STEAMBOAT COMPANY, Appellant.

(Decided March 13th, 1885).

In an action for wages, it is no defense that the employé had misconducted himself in his employment by negligently injuring a third person, thereby exposing the employer to liability for damages; unless the employer has actually paid, or at least been adjudged liable to pay, damages for such negligence of the employé.

APPEAL from a judgment of the district court in the City of New York for the Second Judicial District.

The facts are stated in the opinions.

*Scudder & Carter*, for appellant.

*S. W. Carey*, for respondent.

VAN HOESEN, J.—I think that this judgment should be affirmed. But one question is presented by this appeal. Tennent, the assignor of the plaintiff, was a pilot and steamboat captain in the employ of the defendant at monthly wages, and whilst steering one of defendant's steamboats ran her into a tug-boat, which was sunk by the collision. The tug-boat was raised, and having been badly injured was sold for a small sum. The owners of the tug-boat then

libelled in admiralty the defendant's steamboat, and the defendant interposed an answer.   The action in admiralty has not yet been tried, and no judgment or decree adjudging the defendant liable for the damages caused by the collision has been pronounced.   The plaintiff, as the assignee of Tennent, brought this action, to recover the amount of one month's wages, alleged to be due to Tennent.   The defendant pleaded, first, a general denial, and secondly, a set-off ; the set-off being that Tennent had misconducted himself in his employment by negligently and carelessly running the steamboat into the tug, and thereby exposing the defendant to liability for large damages.

The question is, has the steamboat company a right to recover damages from Tennent before it has been compelled to pay damages to the owner of the tug ?

Though the steamboat company makes its claim by way of answer, and asks no affirmative relief against Tennent, the case is the same as if the company had brought an action for negligence against Tennent.   In an action of that kind, what damages could the plaintiff recover ?   Manifestly, nominal damages only.   The plaintiff would be bound to prove the extent of his loss ; but how could he prove that when there was no possible way to foretell what amount he would be compelled to pay, or whether he would be adjudged liable to pay any damages at all ?

It appears by the evidence that the defendant contests the question of its liability to the owners of the tug.   Suppose that it should be successful in its defense ; what loss would Tennent then be liable for ?   If it should succeed in this action and afterwards succeed in the admiralty suit, it would appear that the decision of this case had gone upon an entirely unfounded assumption, an assumption that in the admiralty suit damages large enough to cover Tennent's claim would be awarded against the company.

The true rule is that the company will have no claim against Tennent until it has actually paid (or at least been adjudged liable to pay) damages for his negligence (*Green*

v. *New River Company*, 4 Tenn. 589; *Zulkee* v. *Wing*, 20 Wis. 408; Thompson on Negligence, p. 1061).

Judgment affirmed.

CHARLES P. DALY, Ch. J., concurred.

A motion by the respondent for leave to appeal from the above decision to the Court of Appeals was heard at the General Term, May, 1885, and the following decision was rendered thereupon, June 1st, 1885.

ALLEN, J.—I see no occasion to send the case to the Court of Appeals. The ground upon which the application is made is that the judgment in this action will be a bar to any future action by the owners of the steamboat against the plaintiff, if they should be compelled to pay damages to the owners of the tug-boat, upon the ground that the tug was sunk through the negligence of the plaintiff in piloting defendant's steamboat.

If the defendants, when this action was brought, had sustained any damages by reason of the plaintiff's negligence when acting as the pilot of their boat, the judgment in this action would undoubtedly have been a bar to a future action by the defendants against him to recover damages for his negligence; for in an action for services a defendant may recoup damages that he has suffered through the plaintiff's negligence, as the law implies an obligation on the plaintiff's part, that he will exercise ordinary care in the defendant's service, and if he does not, and damage is occasioned thereby, such damage may be recouped against the plaintiff's claims for services (*Still* v. *Hall*, 20 Wend. 52 ; *Ives* v. *VanEpps*, 22 Wend. 155; *Allaire Works* v. *Guion*, 10 Barb. 155; *Vassear* v. *Livingston*, 13 N. Y. 248); or where a recovery is had for freight, it is a bar to an action thereafter for damages for the non-performance by the carrier of his contract (*Dunham* v. *Bower*, 77 N. Y. 76) ; as the recovery by a physician for his services is a bar to an action there-

Merlette v. North and East River Steamboat Co.

after against him for malpractice, as his want of skill might have been set up as a defense to his claim for services. These cases are referred.to because they are the authorities upon which the defendants rely for this motion.

But in this case the defendants sustained no damage. It is very probable from the plaintiff's admission to the defendants' counsel that this collision and the sinking of the tug-boat might have been prevented by the exercise of greater care on the part of the plaintiff, and that the defendants may be held responsible for the injury, as an injury caused by the negligence of a pilot in their employment. But however that may be, the defendants had sustained no damage for this injury which they could, when this action was brought, recoup against the plaintiff's claim for his services, or set up by way of counterclaim; and if they are compelled to pay damages hereafter for this collision as an injury caused by the plaintiff's negligence when in their employment, we do not see how this judgment can be any bar to an action by them to recover from the plaintiff an equivalent for the damages they may be compelled hereafter to pay on his account.

It is sufficient to state the rule as laid down in *Dunham* v. *Bower* (*supra*), that a judgment "is final and conclusive as to the matters actually litigated and decided, and as to matters necessarily involved in the litigation and which might have been litigated;" but the defendants had sustained no such damage when this action was brought and tried, and therefore no such question as the plaintiff's liability to them could have been litigated in it, or was in any way involved.

It is sometimes difficult, says Chief Justice CHURCH, in the case above cited, to draw the line between a judgment which will operate as a bar to an action for a specified claim, and one which leaves the claim outstanding to be enforced by a cross-action. "It depends," he says, "in a great measure upon the nature of the demand litigated, the relation the claim sought to be enforced bears to it, and the circumstances attending it."

But in this case there was no outstanding claim, nor will one arise until the defendants are compelled to and have paid damages for the sinking of the tug-boat through the plaintiff's negligence; an event which has not taken place and even may not.

That constitutes, therefore, no reason for sending this case to the Court of Appeals, and there is nothing in the application showing that the question passed upon by us should be sent there; as all that has been held in this court is that the defendants could not recoup against the plaintiff's claim for services, or set up as a counterclaim, damages occasioned to them by the plaintiff's negligence. When the action was brought and tried, they had no defense to the action to recover his salary.

The application must be denied.

CHARLES P. DALY, Ch. J., concurred.

Motion denied.