### HORAN v. BRUNING et al.

(Supreme Court, Appellate Division, First Department. December 28, 1906.)

1. PARTIES—DEFENDANTS—JOINDER.

Code Civ. Proc. § 452, provides that the court may determine the controversy, as between the parties before it, when it can do so without prejudice to the rights of others, or by saving their rights, but, where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in; that where a person has an interest in the subject thereof, or any real property the title to which may be in any manner affected by the judgment, and makes application to the court to be made a party, it must direct him to be brought in by proper amendment. *Held*, that such section relates primarily to equitable actions, and gives the court no authority either to compel or authorize the plaintiff, in an action to recover money only, to bring in a third party as a defendant, even on his own application.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Parties, § 79.]

2. SAME—TORTS—JOINT TORT-FEASORS.

Code Civ. Proc. § 723, providing that the court, in the furtherance of justice, may, on the trial or at any other stage of the action, amend any process, pleading, or other proceeding, by adding or striking out the name

of a person as a party, or by correcting a mistake in the name of a party, does not authorize the court, in an action to recover damages for a tort, to permit plaintiff to bring in a third party as an additional party defendant.

Ingraham and McLaughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by John Horan against Henry Bruning, impleaded with Frithiof Anderson. From an order setting aside an order authorizing plaintiff to make a person not originally sued a party defendant, plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, McLAUGHLIN, and HOUGHTON, JJ.

Frank A. Acer and Arthur Ofner, for appellant.

Henry L. Maxson, for respondent.

HOUGHTON, J. The action is in negligence for personal injuries, and was originally brought against the defendant Anderson alone, and issue joined by service of an answer by him. Thereafter the plaintiff learned facts which led him to believe that the respondent Bruning was also guilty of some act which led to the accident, and without notice to him he obtained an order making him a party defendant, with leave to serve a supplemental summons and complaint upon him. Bruning appeared specially and moved to set aside such order, on the ground that the court had no authority to make it, which motion was granted; and from the order made thereon the plaintiff appeals.

There is some confusion of authority as to whether the court has power in a simple action at law, where a money judgment alone is sought, to permit a plaintiff to bring in third parties as additional defendants to his action; but we think the weight of authority and reason is that he has not, and that the order appealed from is right, and should be affirmed. The Fourth Department, in Heffern v. Hunt, 8 App. Div. 585, 40 N. Y. Supp. 914, held that the court had no power to add as a party defendant an alleged joint tort-feasor not originally made a party; and the Second Department, in Schun v. Brooklyn Heights Railroad Company, 82 App. Div. 560, 81 N. Y. Supp. 859, held that it had in a negligence action, but that an order adding a defendant in a replevin action was unjustified (Goldstein v. Shapiro, 85 App. Div. 83, 82 N. Y. Supp. 1038); and the Third Department, in Ten Eyck v. Keller, 99 App. Div. 106, 91 N. Y. Supp. 169, in an action for conversion, held that no such power existed.

Whatever power there is in the court is derived from sections 452 and 723 of the Code of Civil Procedure. Section 452 of the Code relates primarily to equitable actions (Rosenberg v. Salomon, 144 N. Y. 92, 38 N. E. 982), and that section gives the court no authority to compel the plaintiff, in an action in which a money judgment only is sought, and in which the title to no real property or specific or tangible personal property is involved, to bring in as a defendant a third party, even on his own application. Bauer v. Dewey, 166 N. Y. 402, 60 N. E. 30; Long v. Burke, 105 App. Div. 457, 94 N. Y. Supp. 277. If, therefore, the court has any power, in an action at law in which

a money judgment alone is demanded, to bring in a third party as a defendant, it must be found in section 723 of the Code. That section provides that, in furtherance of justice, amongst other things, the court may, upon the trial or at any other stage of the action, before or after judgment, "amend any process, pleading, or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party."

The scope and meaning of the provision of the section quoted has been long before the courts, for almost the precise language is found in section 173 of the Code of Civil Procedure of 1862. The prevailing and dissenting opinions in New York Milk Pan Co. v. Remington's Agricultural Works, 25 Hun, 475, review the various decisions of the courts made up to the time they were written. The defendant in that case was a corporation, and service had been made upon an officer, who was also a copartner with two others dealing under the name of the Remington Agricultural Company, which copartnership had taken over the contract from the corporation defendant upon which action was brought. Upon discovering the situation the plaintiff moved to substitute the officer upon whom he had served individually for the corporation defendant, and to add his two other partners as defendants. The General Term concluded that, inasmuch as one of the partners had been served, the court had power to do this. The Court of Appeals reversed the case (89 N. Y. 22), and held that such an act was not within the scope of section 723 of the Code, and that no such power existed. While in that case there was a virtual changing of defendants, which is not the situation in the present case, the decision illustrates the fact that the section does not give power to the court to grant every kind of an amendment, notwithstanding justice may be subserved thereby.

In Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3, the action was for money had and received through one Breen as plaintiff's agent. The defendant admitted receiving the money, but pleaded that it belonged to Breen, and that Breen's assignee had brought action against him to recover it, and moved that such party be made codefendant, and his motion was granted against plaintiff's protest; but the Court of Appeals said such order was unauthorized. It is true that in this case and in that of Bauer v. Dewey, supra, section 723 of the Code is not referred to; but it existed, and all of its broad provisions were in force, and, if either order could have been sustained under the provisions of that section, presumably neither of them would have been reversed, for both were in furtherance of justice and the quieting of litigation.

There seems to be no more reason for dragging in a third party as a defendant against his protest than for refusing to permit him to come in against the protest of the plaintiff. If there is no power to let him come in, there is no power to compel him to do so. It is true that the plaintiff could have sued the appellant when he brought his action against the other defendant. It is also true that he could select such of several tort-feasors as he saw fit and bring action against them. In an action for personal injuries occasioned by the

negligence of several persons, there is a separate liability as well as a joint one, and the person injured may, at his election, sue both or either of the wrongdoers; and there is no rule which makes all of them necessary parties to an action of that character. Creed v. Hartmann, 29 N. Y. 592, 86 Am. Dec. 341. The plaintiff selected one, and he cannot be permitted to add others as often as he likes, or as often as he discovers some facts which lead him to believe that some one else brought about his injury. The question is quite distinct from the power to amend as to the name of a party, or to eliminate or add words respecting official or representative capacity in which the party sues or is being sued. In those cases the party is before the court as it was originally brought.

The order should be affirmed, with $10 costs and disbursements.

PATTERSON, P. J., and CLARKE, J., concur.

INGRAHAM, J. (dissenting). The action was commenced against Frithiof Anderson as sole defendant to recover damages for a personal injury by the service of a summons and complaint on the 4th day of August, 1905. On the 6th day of April, 1906, on application of the plaintiff, consented to by the defendant, an order was entered allowing the plaintiff, within 30 days from the date of the order, to serve a supplemental summons and amended complaint, a copy of which was annexed to the application, upon Henry Bruning, then making him a defendant in the action. On the 7th day of April, 1906, the supplemental summons and amended complaint was served upon Bruning, and he thereupon became a defendant in the action. Subsequent to such service he appeared in the action for the purpose of moving to set aside the order authorizing the service of the supplemental summons and amended complaint. That motion was granted, and the plaintiff appealed.

The original order allowing the plaintiff to amend the summons and complaint was authorized by section 723 of the Code of Civil Procedure. That section provides that:

"The court may, upon the trial, or at any stage of the action, * * * and on such terms as it deems just, amend any process, pleading or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting an allegation material to the case."

The parties to the action having consented to the amendment of the summons and complaint, the party joined became a party to the action to the same effect as if he had been originally made a party. It is quite probable that this added defendant does not want to be sued; but, when the amended or supplemental summons and complaint was authorized by the court on the consent of all parties to the action, the action as against this added defendant was the same as though he had originally been made a defendant, and I do not see that he had any more right to complain than he would have had if he had been originally joined in the action. An entirely different question would be presented if one of the original parties to the action had objected to the proposed amendment.

Several cases are cited to sustain the order appealed from, but I do not think they apply. In Heffern v. Hunt, 8 App. Div. 585, 40 N. Y. Supp. 914, one of the original defendants objected to the proposed amendment, and it was there held that an original party defendant had a right to appeal from such an order, and that upon his objection it should not have been granted. In Goldstein v. Shapiro, 85 App. Div. 83, 82 N. Y. Supp. 1038, the action was in replevin, and the motion to bring in the third party was made on motion to him, and upon an appeal from the granting the motion by the third party it was held that in such an action, if made a party to that action, he was deprived of the benefit of section 1709 of the Code of Civil Procedure; and attention was there called to the case of Schun v. Brooklyn Heights R. R. Co., 82 App. Div. 560, 81 N. Y. Supp. 859, which authorized the court to make a third party a defendant in an action to recover for negligence, but it was held that that case did not apply because of the peculiar character of the action of replevin. The point does not seem to have been raised in that action as to the right of a third party to raise the question, and that point was not considered; the decision being based entirely upon the nature of the action. In Ten Eyck v. Keller, 99 App. Div. 106, 91 N. Y. Supp. 169, the original defendant objected to the order, and he appealed. On the other hand, such an order is expressly approved by this court in the Second Department in Schun v. Brooklyn Heights R. R. Co., 82 App. Div. 560, 81 N. Y. Supp. 859; and I think it fully justified by the Code and practice. The action was commenced as against the added defendant when the amended or supplemental complaint was served upon him. Any defense, including the statute of limitations, would be as available to him as if the action had been commenced when the amended or supplemental summons and complaint was served. It is the policy of the law that a litigation of this kind should be settled in one action, and I can see no reason why the plaintiff should not have the right to bring the action against such defendants as he may select, so long as the parties to the action, as originally commenced, have no objection.

For this reason I think the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

McLAUGHLIN, J., concurs.