EVA GITTLEMAN, Respondent, *v.* CHARLES L. FELTMAN et al., Appellants.

1. PRACTICE — PARTIES — POWER OF THE COURT TO ADD, OR STRIKE OUT, THE NAME OF A PARTY AFTER THE COMMENCEMENT OF AN ACTION — CONSTRUCTION AND APPLICATION OF SECTION 723 OF CODE OF CIVIL PROCEDURE. The provisions of the statute (Code Civ. Pro. § 723) authorizing the court, on such terms as it deems just, to amend any process or pleading by adding or striking out the name of a party, are not limited to equity actions, but pertain to all actions, whether at law or in equity, in which such an amendment would be in the "furtherance of justice," and under such provisions the court may, in its discretion, direct that any person, or corporation, who could have been joined as a party at the commencement of the action, be brought in as a party defendant, upon the motion of the plaintiff, provided the latter gives a satisfactory reason for the failure to make such person, or corporation, a party at the commencement of the action, except in cases where the rights of the parties have been changed, after the bringing of the action, by subsequent transactions, in which case the provisions of the Code of Civil Procedure, with reference to supplemental amendments and pleadings, would apply.

2. SAME — ORDER BRINGING IN ADDITIONAL PARTY DEFENDANT — WITHIN SOUND DISCRETION OF COURT MAKING THE ORDER — ORDER NOT REVIEWABLE IN COURT OF APPEALS. The granting of such a motion rests in the sound discretion of the court, and where, in an action brought to recover for injuries alleged to have been caused by the negligence of the defendants, the Supreme Court, at a Special Term thereof, has permitted, in the exercise of its discretion, the plaintiff to bring in as an additional defendant, a corporation, which, it is claimed, was a joint tort feasor with the other defendants and with them liable for the damages sustained by the plaintiff, the Court of Appeals cannot review an order of the Appellate Division, affirming the order of the Special Term, since the jurisdiction of the Court of Appeals is limited to the review of questions of law and it cannot, therefore, review the discretion of the Special Term or Appellate Division.

*Gittleman* v. *Feltman*, 122 App. Div. 385, affirmed.

(Submitted February 17, 1908; decided February 25, 1908.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 26, 1907, which affirmed an order of Special Term granting a motion for leave to amend the summons and complaint by bringing in an additional party defendant.

The facts, so far as material, and the questions certified are stated in the opinion.

*Darwin J. Meserole* and *Joseph M. Gazzam, Jr.*, for appellants. The court had no power to grant the motion to bring in the Surf Amusement Company. (*C. Co.* v. *Russ*, 8 Cow. 122; *N. Y. S. M. M. P. Assn.* v. *R. A. Works*, 89 N. Y. 22; *Bauer* v. *Dewey*, 166 N. Y. 402; *Rosenberg* v. *Salomon*, 144 N. Y. 92; *Chapman* v. *Forbes*, 123 N. Y. 532; *Ten Eyck* v. *Keller*, 99 App. Div. 106; *Horan* v. *Bruning* 116 App. Div. 482; *Heffern* v. *Hunt*, 8 App. Div. 585; *Goldstein* v. *Shapiro*, 85 App. Div. 83; *Hinds* v. *Bonner*, 52 Misc. Rep. 461.) Authority for the order is not to be found in section 452 of the Code of Civil Procedure. (*Sawyer* v. *Chambers*, 11 Abb. Pr. 110; *McMahon* v. *Allen*, 12 How. Pr. 39; *Webster* v. *Bond*, 9 Hun, 437; *Chapman* v. *Forbes*, 123 N. Y. 532; *Rosenberg* v. *Salomon*, 144 N. Y. 92.) Section 723 of the Code does not aid the respondent. (*N. Y. S. M. M. P. Assn.* v. *R. A. Works*, 89 N. Y. 22; *Horan* v. *Bruning*, 116 App. Div. 482; *Heffern* v. *Hunt*, 8 App. Div. 585; *Doyle* v. *Carney*, 190 N. Y. 386.)

*John H. Regan* and *Samuel I. Frankenstein* for respondent. It is proper to permit additional defendants to be brought in. (*Haskell* v. *Moran*, 118 App. Div. 810; *Thompson* v. *S. Ry. Co.*, 117 Mass. 577; *Fletcher* v. *Ry. Co.*, 1 Allen, 9; *Nagel* v. *Ry. Co.*, 42 Am. Rep. 418.)

Haight, J. This action was originally brought against Charles L. and Alfred Feltman, to recover damages for a personal injury, alleged to have been received by reason of

the negligence of the defendants. The order appealed from permitted the plaintiff to bring in as an additional defendant the Surf Amusement Company, a corporation, which it is claimed was a joint tort feasor with the other defendants, and with them liable for the damages sustained by the plaintiff. It is the contention of the appellants that the court had no power to make such an order in an action of this character. The Appellate Divisions of the state appear to be in conflict upon the question. (*Heffern* v. *Hunt*, 8 App. Div. 585; *Schun* v. *Brooklyn H. R. R. Co.*, 82 App. Div. 560; *Goldstein* v. *Shapiro*, 85 App. Div. 83; *Horan* v. *Bruning*, 116 App. Div. 482; *Haskell* v. *Moran*, 118 App. Div. 810.)

The provisions of the Code of Civil Procedure bearing upon the question are as follows:

Section 452. "The court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in. And where a person, not a party to the action, has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, or in real property for injury to which the complaint demands relief, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

Section 723. "The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading, or other proceeding, by *adding* or *striking out* the name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting an allegation material to the case," etc.

The rule of the common law that a statute in derogation of the common law must be strictly construed does not apply to the provisions of the Code of Civil Procedure. (§ 3345.)

We are, therefore, called upon to give to the provisions referred to a fair and reasonable construction in accordance with the evident intent of the legislature. Undoubtedly the first subdivision of section 452, as originally enacted in section 122 of the Code of Procedure, had reference and pertained to equity actions; but when the legislature subsequently added the second subdivision to the section permitting a person, not a party, who has an interest in the subject of the action, or in real property, the title to which may be affected by the judgment, to make application to be made a party and to be brought in by a proper amendment, it evidently intended, at least so far as that subdivision of the section was concerned, to apply to actions at law as well as in equity. This was expressly held in *Rosenberg* v. *Salomon* (144 N. Y. 92), but inasmuch as this provision of the Code pertains to the application of persons to be brought in and made parties to the action, it does not apply to the case which we have under consideration. We must, therefore, look to the provisions of section 723 for the purpose of determining the rights of the parties in this case. It will be observed that the provisions are very broad and cover precisely the question presented. The court may at any stage of the action, in furtherance of justice, on such terms as it deems just, amend any process or pleading by *adding* or *striking out* the name of a person as a party. There is nothing in the provisions of this section that we are able to discover, from a careful reading of its provisions, which indicates any legislative intent that its provisions should be limited to equity actions. It is rather apparent that they pertain to all actions, whether at law or in equity, in which such an amendment would be in the "furtherance of justice." It is quite true that an order should not be made permitting the striking out of a sole party and the substituting of another party in his place, for the effect would be to terminate the original action and bring a new one. (*N. Y. State M. Milk Pan Assn.* v. *Remington Agr. Works,* 89 N. Y. 22.) But in cases where an action may properly be brought against two or more defendants, who were claimed

to be jointly liable, or jointly and severally liable upon the claim of the plaintiff, whether it be upon a contract or a tort, we see no reason why the provisions of the Code referred to do not apply to such a case, or why such persons in a proper case may not, in the discretion of the court, be brought in and made parties to the action upon such terms as it deems just. Of course, a person should not be permitted to be brought in as a party defendant, who has no connection with the other defendants, with reference to the matter in controversy, for that would but render the complaint demurrable. The true test, doubtless, is as to whether the person could have been joined as a party at the commencement of the action, and whether the plaintiff has given a satisfactory excuse for his failure so to do. The only exception that now occurs to us is, in cases where the rights of the parties have changed after the bringing of the action by subsequent transactions, in which case the provisions of the Code with reference to supplemental amendments and pleadings would apply.

The questions certified in this case are:

*First.* "Should the motion of the plaintiff to bring in the Surf Amusement Company as a party defendant herein have been granted?"

*Second.* "Has the Supreme Court, upon the motion of the plaintiff, in an action to recover damages for personal injuries resulting from negligence, the *power* to bring in as defendant a party not named as a defendant at the time of the commencement of the action, against the objections of the defendants originally named and of the proposed new defendant?"

The granting of a motion of this character rests in the sound discretion of the court. It may grant, in the furtherance of justice, on such terms as it deems just. The jurisdiction of this court is limited to the review of questions of law, and it, therefore, cannot review the discretion of the Special Term or Appellate Division. We, therefore, have no power to answer the first question certified. The second question,

however, is as to the power of the Supreme Court to grant the motion, which calls for an interpretation of the provisions of the Code referred to. With reference to this question we have the power to determine the same, and we think that it should be answered in the affirmative, and the order appealed from affirmed, with costs.

CULLEN, Ch. J., GRAY, VANN, WERNER and HISCOCK, JJ., concur; WILLARD BARTLETT, J., concurs in result.

Order affirmed.