Giaretto & Co. The front of the store was occupied by Giaretto as a barber shop, and the rear was used originally by Alpino as a hair-dressing parlor, and was subleased by Alpino to the plaintiff. There is evidence that after the subletting to the plaintiff the defendant accepted rent from her with knowledge thereof, and impliedly assented to her tenancy. It was also shown that the cause of the leakage of water was that a rag was tied around a broken pipe in the empty apartment above by the defendant, instead of having it mended.

[1, 2] The learned trial justice dismissed the complaint without prejudice to another action, on the ground that there was no proof of a waiver of a condition in the lease against subletting without the written consent of the landlord. I am of the opinion that this was error, and that the plaintiff made out a prima facie case of waiver by acceptance of the rent by the landlord. Had there been proof that the landlord was the owner of or in control of the rest of the property, or was in control of the apartment in which the leak occurred, I would be of the opinion that the judgment should be reversed. Levy v. Korn, 30 Misc. Rep. 199, 61 N. Y. Supp. 1109; Harris v. Boardman, 68 App. Div. 436, 73 N. Y. Supp. 963; Peters v. Kelly, 129 App. Div. 290, 113 N. Y. Supp. 357; Donaldson v. Wilson, 60 Mich. 86, 26 N. W. 842, 1 Am. St. Rep. 487. But there is no such proof in the record. It is true that, had the point been raised in the court below, the proof could probably have been made; but, since it was not, it cannot be said that the plaintiff made out a prima facie case. The making of the lease by the defendant to Alpino, Giaretto & Co. of the first floor was not sufficient proof that the defendant owned or controlled the entire building.

The dismissal was not on the merits, and the judgment should be affirmed, with costs. All concur.

---

### DEMUTH v. NEW YORK LIFE INS. & TRUST CO.

(Supreme Court, Appellate Division, Second Department.   December 18, 1914.)

TRUSTS (§ 366*)—RIGHTS OF CREDITORS—ENFORCEMENT—PARTIES.

In an action by a judgment creditor against a trustee for the statutory damages allowed by Code Civ. Proc. § 1391, for the refusal of the trustee to pay to the creditor the percentage of the income from the trust fund on which the creditor had a lien under that section, plaintiff could not have the receiver of her property, appointed in proceedings supplementary to execution against her, joined as party defendant, since he had no joint interest with plaintiff in the result and had no connection with the other defendants.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 574–583; Dec. Dig. § 366.*]

Appeal from Special Term, Kings County.

Action by Jeannette Demuth against the New York Life Insurance & Trust Company. From an order granting plaintiff's motion to make a receiver of her property a defendant in the action, defendant appeals. Reversed, and motion denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

Alexander S. Andrews, of New York City, for appellant.

James S. McDonogh, of New York City, for respondent.

STAPLETON, J. The plaintiff alleges in her complaint that income accruing from trust funds was due her judgment debtor by the defendant corporation, and that upon such income she obtained a lien, to the extent of 10 per centum thereof, by the presentation to the defendant of an execution issued as directed by the court pursuant to the provisions of section 1391 of the Code of Civil Procedure. She also alleges that the defendant failed or refused to pay over to the officer presenting the execution the percentage of indebtedness. She brings the action to recover a sum of money only. It does not appear that the rights of other judgment creditors are involved. The plain provisions of the section cited give to a judgment creditor a right of action against the trustee who so acts. After issue joined, the plaintiff obtained an order making the receiver of her property, appointed in proceedings supplementary to execution against her, a party defendant in the action. This is the order from which the appeal is taken.

The cases in which persons who were not original parties may be introduced into an action are defined, and the additional defendant here is not within the class described. Gittleman v. Feltman, 191 N. Y. 205, 83 N. E. 969. One of the purposes of the amendment of section 1391 of the Code of Civil Procedure by chapter 148 of the Laws of 1908 was to measure the quantum of the income of the trust fund which a beneficiary is compellable to apply to the discharge of his judgment debts. Brearley School v. Ward, 201 N. Y. 358, 375, 376, 94 N. E. 1001, 40 L. R. A. (N. S.) 1215, Ann. Cas. 1912B, 251. The necessity is thus avoided of resorting to equity jurisdiction to ascertain the amount "beyond what is necessary for the suitable support of the debtor and those dependent upon him, in the manner in which they have been accustomed to live." Williams v. Thorn, 70 N. Y. 270, 278.

It is unnecessary to decide whether the rule which denied to a receiver appointed in proceedings supplementary to execution the right to maintain a creditor's suit to reach the surplus of a trust fund created by a third person (Campbell v. Foster, 35 N. Y. 361) applies to this statutory action. That question is not before us. The plaintiff and the receiver cannot coexist as parties plaintiff. They have no joint interest in the result. The receiver is not jointly or severally liable on the claim of the plaintiff, and he has no connection with the other defendants. He therefore has no place as a party defendant in an action at law. The action is not brought to adjust conflicting claims to the same fund, conceded to be due to one or more of the claimants; it is brought to recover damages pursuant to a statute. Any difficulty which is presented by the existence or conduct of the receiver is surmountable, and any argument based upon those facts is not persuasive.

I advise that the order be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.