CHARLES G. FEDDEN, Respondent, v. BROOKLYN EASTERN DISTRICT TERMINAL, Appellant.

Second Department, March 16, 1923.

Negligence — action to recover for personal injuries — servant whose negligence caused injury will be made party defendant on motion of master under Civil Practice Act, § 193, as amd. by Laws of 1922, chap. 624.

In an action against a master to recover for personal injuries caused by the negligence of a servant, the servant will be brought in as a party defendant on the application of the master under section 193 of the Civil Practice Act, as amended by chapter 624 of the Laws of 1922.

*It seems*, however, that it is not to be assumed that an inconsistent verdict will be permitted.

KELLY, P. J., dissents, with opinion.

APPEAL by the defendant, Brooklyn Eastern District Terminal, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Queens

on the 10th day of January, 1923, denying defendant's motion to bring in an additional party defendant.

*Kenneth E. Stockton,* for the appellant.

*Frederick S. Lyke* [*Philip A. Brennan* with him on the brief], for the respondent.

Kapper, J.:

The plaintiff, who was not an employee of the defendant, sues for damages for personal injuries alleged to have been caused by the negligence of the defendant's employee in failing and omitting to securely hook a bale of hay which was being lowered from a hay-shed to a truck driven by plaintiff, by reason of which the hooks intended to hold said bale of hay became unfastened causing the bale to fall, strike and injure plaintiff. The answer is a general denial. The defendant has moved to make its employee, one Frank Horne, whose negligent act it claims caused plaintiff's injury, a party defendant and to have him brought in as such codefendant by order. In its affidavit in support of the application defendant says that said Frank Horne " will be wholly liable for the claim made against the defendant in the action now pending and if any recovery is had against the defendant in this action the defendant will be entitled to recover said amount from said Frank Horne." The Special Term denied the motion.

By chapter 624 of the Laws of 1922 there was added to section 193 of the Civil Practice Act the following clause: " And where one of the parties to an action claims that a person not a party thereto is or will be liable wholly or in part, for the claim made against him in the action, the court on application of such party must direct such person to be brought in and direct the service upon such person of the pleading, alleging the claim against him." A like provision has not heretofore been contained in any statute in this State, nor is its source to be found either in the English or the New Jersey Practice Act from which many of the new provisions of the Civil Practice Act are derived. It has long been the established rule that in an action to recover a money judgment only, a defendant could not move to bring in a third party as a codefendant. (*Brooklyn Cooperage Co.* v. *Sherman Lumber Co.*, 220 N. Y. 642; *Bauer* v. *Dewey*, 166 id. 402; *Chapman* v. *Forbes*, 123 id. 532, 540; *Dickinson* v. *Tysen*, 125 App. Div. 735, 738.) A person bringing a legal action " cannot be compelled " to sue any one " except such as he may elect to sue." (*Chapman* v. *Forbes, supra,* 540.) Joint tort feasors can always be sued in the first instance and if the plaintiff *pendente lite* wishes to add a joint tort feasor as a party defendant, the settled practice is to permit it. (*Gittleman* v.

*Feltman,* 191 N. Y. 205; *Horan* v. *Bruning,* 116 App. Div. 482; *Schun* v. *Brooklyn Heights R. R. Co.,* 82 id. 560.) But a master and his servant are not joint tort feasors where the master's liability is dependent solely upon the doctrine of *respondeat superior.* (*Frascone* v. *Louderback,* 153 App. Div. 199, 203.) Or, as was said in *Pangburn* v. *Buick Motor Co.* (211 N. Y. 228, 234): "The two defendants [employer and employee] did not stand on the same plane of liability as might sometimes happen where an action had been brought against two alleged tort feasors and where a verdict might with entire propriety be rendered relieving either one and holding the other."

Whatever rule may elsewhere obtain, it must be deemed settled in this State that a joint action will lie against principal and agent as well as master and servant for a personal injury caused by the negligent act of the agent or servant while acting within the scope of the agent's authority or the servant's employment. (*Phelps* v. *Wait,* 30 N. Y. 78, and cases cited on p. 79; *Wright* v. *Wilcox,* 19 Wend. 343; *Murray* v. *Usher,* 117 N. Y. 542, 547; *Frascone* v. *Louderback, supra; Pangburn* v. *Buick Motor Co., supra.*) This brings us to the nature or character of the relation between master and servant where it is sought to hold the former under the doctrine of *respondeat superior.* The responsibility thus predicated has been designated as "vicarious," or "constructive." It has also been designated by the terms "imposed" and "imputed." It is recognized by courts both of law and equity. It exists "wholly irrespective of any contract, express or implied, or any other relation between the injured party and the master." Nor does it depend in anywise upon the stipulations of the contract of hiring. (6 Labatt Mast. & Serv. [2d ed.] 6692, 6693.) No joint tort feasor is sued for *imputed* negligence, but for his own *actual* negligence, and he can have "no recourse on his fellow;" and when a party seeks to hold both servant and master in a negligence action, the latter under the *respondeat superior* doctrine, he sues the servant for his *actual* negligence and the master for his *imputed* negligence. (*Betcher* v. *McChesney,* 255 Penn. St. 394, 398.) "In a case of strict negligence by a servant while employed in the service of his master, I see no reason why an action will not lie against both jointly. They are both guilty of the same negligence at the same time, and under the same circumstances; the servant *in fact,* and the master *constructively,* by the servant his agent." (*Wright* v. *Wilcox,* 19 Wend. 343, 344.) The master's liability is "purely of a derivative or secondary character." (*Pangburn* v. *Buick Motor Co., supra,* 234.) Being such, the corollary naturally

follows, namely, that a servant is directly liable to his master for any damage occasioned by the servant's negligence or misconduct for which the master is liable to another. (7 Labatt Mast. & Serv. [2d ed.] 8011.) " The servant is directly liable to his master for any damage or expense caused by his negligence or misconduct, and this rule applies whether such damage be directly to the property of the master, or whether it arises from the compensation or reparation which the master has been obliged to make to third persons to satisfy his liability for the acts of the servant " (20 Am. & Eng. Ency. of Law [2d ed.], 51), or, as stated in 26 Cyc. 1545: " A servant is liable to his master for damages which the master has been compelled to pay to third persons because of the negligent or other wrongful act of the servant, where the master is not himself in fault." And to the same effect are numerous authorities. (*Merlette* v. *North & East River Steamboat Co.,* 13 Daly, 114, 117; *Grank Trunk Railway Co.* v. *Latham,* 63 Maine, 177; *Betcher* v. *McChesney,* 255 Penn. St. 394, 396; *Zulkee* v. *Wing,* 20 Wis. 408; *Gaffner* v. *Johnson,* 39 Wash. 437; *Costa* v. *Yochim,* 104 La. 170.) Of course, the master cannot claim damages from a servant for the faulty construction of a thing or of tools or appliances furnished by the master, where the negligence be that of the master alone or contributed to by the unskillfulness of a servant. (20 Am. & Eng. Ency. of Law [2d ed.], 52.) Observing that a master may sue his servant over for liability imposed upon the former by law and by virtue of the relation, it would follow in such cases and in all cases where the liability is derivative or secondary, that by notice of the pendency of the action to the person primarily liable, and in this case to the servant, the latter is bound by the result of the suit against the master. Such is the well-established rule with regard to municipal corporations if sued for damages arising out of defects and obstructions in streets or highways created and continued by third persons and against whom the corporation has a cause of action for reimbursement. (*City of Rochester* v. *Campbell,* 123 N. Y. 405, 412; *City of Rochester* v. *Montgomery,* 72 id. 65; *Village of Port Jervis* v. *First National Bank,* 96 id. 550; *Robbins* v. *Chicago City,* 4 Wall. 657, 674.) Municipal corporations may impose the burden of defending such actions upon such persons by notice, and in case they do not defend successfully, or neglect to make any defense, they are bound by the result of such suit, and cannot in any subsequent litigation between themselves and the corporation successfully dispute the material facts on which the adjudication rests. (*City of Rochester* v. *Campbell, supra,* 412.) Even notice that an action is pending has been held unnecessary to predicate liability against the author

of the act which occasions the injury. " The only object of notice in such a case is to enable the corporation to avail itself of its right to impose the burden of defense upon the party ultimately liable, and to estop the author of the injury by the judgment recovered, from again contesting the facts upon which such judgment depends." (*Village of Port Jervis* v. *First National Bank, supra,* 556.) The same principle of " vouching in," or giving notice of the pendency of action, whereby it is sought to hold over in a subsequent suit the person primarily liable, has been applied in three of the master and servant cases above cited. (*Grand Trunk Railway Co.* v. *Latham; Costa* v. *Yochim; Betcher* v. *McChesney.*)

Considering, therefore, that a servant is liable in an action at the suit of the master when a third person has brought an action and recovered damages against the master for injuries sustained in consequence of the servant's negligence, and that the servant may be notified by the master against whom alone the suit has been brought to defend the suit, neglecting which or defending unsuccessfully the servant is bound by the result of the suit against the master, the application of section 193 of the Civil Practice Act to a motion by a master to bring in the servant as a codefendant seems neither strained nor unreasonable, and, moreover, appears to be a fit and proper case to which section 193 should be applied. So much of said section 193 as is not above quoted, together with the last sentence of the section as amended in 1922, is former section 452 of the Code of Civil Procedure, and was long construed as applicable to actions in equity only (*Dickinson* v. *Tysen, supra*), although it was thought in *Gittleman* v. *Feltman* (*supra*) to apply to actions at law as well as in equity, *where the applicant was not a party,* but had an interest in the subject of the action. When, however, a plaintiff in a negligence action sought to add a new party defendant, he found authority therefor in section 723 of the Code of Civil Procedure. (*Gittleman* v. *Feltman, supra,* 208.) So much of said section 723 as related to mistakes and omissions is now section 105 of the Civil Practice Act. The portion of section 723 of the Code authorizing the " adding or striking out " of " the name of a person as a party " finds like warrant in section 192 of the Civil Practice Act. In what instances or to what cases the amendment of 1922 to section 193, above quoted, is to be applied, will have to be determined as the facts in each particular application are presented. It suffices to say on the motion made herein, that it seems to us that the defendant " claims that a person not a party " to the action, namely, the servant charged with a negligent act for which he, the master, is sought to be held

wholly and solely liable by the plaintiff, " is or will be liable wholly * * * for the claim made against him in the action; " and, so, the statute adds that in such a case. " the court on application of such party must direct such person to be brought in and direct the service upon such person of the pleading, alleging the claim against him." Of course, it is not to be assumed that where an employee is made a codefendant with his employer on the latter's motion, the rendition of an inconsistent verdict would be permitted. The rights and liabilities of the parties remain as the settled law requires.

The order should be reversed upon the law, and the motion granted, without costs.

JAYCOX and YOUNG, JJ., concur; KELLY, P. J., dissents, and reads for affirmance.

KELLY, P. J. (dissenting):

I am unable to agree with my brethren in this case. The plaintiff, alleging serious and permanent injuries due solely to the negligence of the defendant, its agents, servants and employees, without contributory negligence on the part of plaintiff, brought this action on January 11, 1922, to recover damages from the defendant. In February, 1922, the defendant answered denying the allegations of the complaint, pleaded as a separate defense that there was another action pending brought by plaintiff against defendant for the same cause of action, and asked that the complaint be dismissed and judgment rendered for defendant. In August, 1922, the defendant moved for an order bringing in one Horne as a party defendant upon an affidavit in which it was stated that if any liability existed to the plaintiff it could be only because Horne, one of defendant's employees, was negligent in the manner in which he performed his duty to defendant, and the affidavit continues: " Therefore deponent is advised by his counsel that said Frank Horne will be wholly liable for the claim made against the defendant in the action now pending and if any recovery is made [*sic*] against the defendant in this action the defendant will be entitled to recover said amount from said Frank Horne." I cannot agree with the advice said to have been given by counsel for the defendant, that its employee will be wholly liable for the damages claimed by plaintiff. On the contrary, it is apparent on the face of the defendant's affidavit that if the injury was occasioned by the carelessness of the employee in performing his duties, the plaintiff is entitled to recover damages for such injuries from the defendant. Whether defendant will be entitled to recover any damages from its employee is another matter, in which the injured plaintiff is not interested. It may involve the question whether, conceding

the carelessness of the employee, the defendant may have also been negligent, and there can be no recovery between joint tort feasors. It is a matter to be determined between employer and employee.

But it is asserted that the defendant may litigate its claim against its employee in this action by reason of the amendment to the Civil Practice Act, section 193, in effect September 1, 1922, long after the happening of the accident and the joinder of issue in the pending action. This amendment reads: " And where one of the parties to an action claims that a person not a party thereto is or will be liable wholly or in part, for the claim made against him in the action, the court on application of such party must direct such person to be brought in and direct the service upon such person of the pleading, alleging the claim against him." (Laws of 1922, chap. 624.)

In my opinion the privilege given by the amendment refers to a case where a defendant claims that some third person not a party is or will be liable, wholly or in part, for the claim made against the defendant, to the exclusion of the defendant. While I do not agree that on the pleadings as amplified by the bill of particulars in the case at bar the defendant's alleged liability can be said to depend entirely upon the doctrine of *respondeat superior*, still in such a case I doubt whether the Legislature intended that a plaintiff asserting a cause of action against a defendant can be compelled to litigate the rights of defendant to recover over against third parties. If the claim is that the third party is liable and not the defendant, whether wholly or in part, there may be reason for the innovation. Where in any event the defendant is liable to plaintiff, whether the third party is brought in or not, the reason disappears. The plaintiff is asserting his alleged claim against the defendant alone and should be allowed to try it without the delay and the confusion resulting from litigating the rights of others depending on other facts and other rules of law. Considering actions for negligent injury, if the interpretation of my brethren is correct, a defendant carrier sued for negligent injury to a passenger may assert that the contractors who furnished the equipment or built the roadbed are responsible to the carrier, and the injured passenger or his legal representatives may find themselves involved in a dispute which in no way affects the cause of action set out in the complaint. I cannot believe that the Legislature intended such a radical interference with the rights of plaintiffs.

Order reversed upon the law, and motion granted, without costs.