Elizabeth Irwin, an Infant, by Charles F. Irwin, Her Guardian ad Litem, Plaintiff, v. New York Telephone Company, Defendant.

Supreme Court, Kings Special Term, October, 1923.

Parties — additional parties — court, in its discretion, under Civil Practice Act, section 193(2) may bring in third person as party defendant — action for negligence — when motion to bring in defendant's chauffeur as party defendant will be denied.

Under section 193(2) of the Civil Practice Act, as amended in 1923, the court in its discretion may grant an order bringing in a third person as a party to an action.

In an action to recover damages resulting from defendant's negligence in operating an automobile, the complaint alleged that at the time the car was operated by one of defendant's employees. The moving affidavit upon a motion by defendant under section 193(2) of the Civil Practice Act, as amended in 1923, for an order to bring in its chauffeur as a party defendant, stated that in the event of a recovery by plaintiff the chauffeur would be liable to defendant within the meaning of said statute but set forth no other facts or circumstances nor was further proof submitted. Held, that no merit having been shown the motion will be denied as matter of discretion.

Motion to bring in additional party defendant.

*Leibowitz & Shientag*, for plaintiff.

*Charles T. Russell*, for defendant.

Hagarty, J. Both these motions are made by the defendant, under section 193, subdivision 2, of the Civil Practice Act, as amended by the Laws of 1923, chapter 250, in effect September 1, 1923, to bring in, as a party defendant, the defendant's chauffeur. The actions are brought to recover damages resulting from the defendant's negligence in the operation of an automobile. The complaints allege that the automobile was operated at the time by one of the defendant's employees. The secretary of the defendant submits an affidavit alleging that the employee operating the car at the time of the accident was one George Rohn, the party sought to be made a party defendant. The notices of motion with the accompanying affidavit were served upon the plaintiffs and upon the said Rohn. No appearance was made by Rohn. The defendant's secretary, in his affidavit, also alleges that he has been

advised by counsel that, in the event of a recovery by the plaintiffs, Rohn will be liable to it, within the meaning of the language of the section of the Civil Practice Act, under which these motions are made. No other facts or circumstances are set forth in the affidavit nor is any further proof submitted. Defendant claims that, upon the naked showing of the existence of a claim on which a third party is liable to the moving party, the case necessarily comes within the meaning of the section as amended, and " it would be an abuse of the discretion reposed in the court to deny the motion," to quote from its brief submitted.

Before the amendment of 1923, section 193 of the Civil Practice Act provided that " where one of the parties to an action claims that a person not a party thereto is or will be liable wholly or in part, for the claim made against him in the action, the court on application of such party *must* direct such person to be brought in and direct the service upon such person of the pleading, alleging the claim against him."

This section was construed by the Appellate Division of this department in March of this year (*Fedden* v. *Brooklyn Eastern District Terminal,* 204 App. Div. 741), and it was there held that a master, who is sued for his servant's negligence, for which the servant is personally liable to the master, has an absolute right on motion to have the servant brought in as a codefendant. After this decision was rendered, the section was amended (Laws of 1923, chap. 250, in effect September 1, 1923) by striking out the part above quoted and substituting therefor the following: " Where any party to an action shows that some third person, not then a party to the action, is or will be liable to such party wholly or in part for the claim made against such party in the action, the court, on application of such party, *may* order such person to be brought in as a party to the action and direct that a supplemental summons and a pleading alleging the claim of such party against such person to be served upon such person and that such person plead thereto, so that the claim of such moving party against such person may be determined in such action, which shall thereupon proceed against such person as a defendant therein to such judgment as may be proper."

It is apparent that this amendment was made as a direct result of the decision in the *Fedden* case. For instance, Mr. Justice Kapper in the opinion says: " Of course, it is not to be assumed that where an employee is made a codefendant with his employer on the latter's motion, the rendition of an inconsistent verdict would be permitted. The rights and liabilities of the parties remain as the settled law requires." Compare this to the last

clause of the section as amended. But the change of the word " must " to " may " is of vital importance. What was the intention of the legislature in passing this amendment? If counsel for the defendant is correct in his argument that a denial of this motion would be an abuse of discretion by the court upon the presentation to it of the identical facts and circumstances disclosed by the *Fedden* case, then the action of the legislature was an idle ceremony, the amendment meant nothing and the word " may " is to be construed as meaning " must." But the legislature did mean to invest the court with discretion, and that discretion was meant to be exercised in each particular case. It was not intended that this relief should be granted as a matter of right merely upon showing that the party sought to be brought in as a codefendant was liable to the moving party in the event of a recovery against it.

An amendment was adopted, in 1910, to the General Rules of Practice, as a result of which rule 23 read as follows: " All motions for relief to which a party is not entitled as matter of right shall be made upon papers showing merits, and the good faith of the prosecution or defense, which may be shown by any proof that shall satisfy the court." Prior to this time, the rules did not provide for papers showing merit in applications for relief to which the party was not entitled as a matter of right. In the present Civil Practice Rules there is no rule containing the provisions of rule 23 of the General Rules of Practice. That rule has no successor. It was surplusage. It never was, and is not now, necessary. It was merely declaratory of an obvious principle of practice. Applications addressed to the discretion of the court always were and now are made upon papers showing merit.

The defendant's moving papers do not show merit. While the third party is liable to the defendant for any recovery that may be had by the plaintiff in this action, no reason has been advanced for bringing him in as a party defendant to this action. The defendant is directly responsible to the plaintiff for the negligence of its servants. The plaintiffs have elected to assert their claims against the defendant alone and, in the light of the amendment, as was said by Mr. Justice Kelly in his dissenting opinion in the *Fedden* case, they " should be allowed to try it without the delay and the confusion resulting from litigating the rights of others, depending on other facts and other rules of law." This should be the rule, unless the defendant shows merit in its application in each case, a good and sufficient reason for the granting of its motion.

Motions denied, with ten dollars costs.

Ordered accordingly.