NETTIE K. OPPER, Appellant-Respondent, v. TRIPP LAKE ESTATES, INC., Respondent; GREEN MANSIONS, INC., Appellant, and VINCENT MAZONE, Impleaded Defendant-Respondent.

First Department, December 13, 1948.

*Benjamin H. Siff* of counsel (*Harry A. Gair,* attorney), for appellant-respondent.

*Harry P. Rich* of counsel (*Aaron Greengold* with him on the brief; *Beier & Chamberlin,* attorneys), for defendant-appellant.

*Thomas A. Clarke* of counsel (*Milton C. Jacobs* and *John E. Morris, Jr.,* with him on the brief; *Clarke & Reilly,* attorneys), for Vincent Mazone, impleaded defendant-respondent, and Tripp Lake Estates, Inc., respondent.

*Per Curiam.* On August 6, 1944, plaintiff was a paying guest at a camp or summer resort maintained by defendant Green Mansions, Inc. (hereinafter called " Green Mansions ") and was run over by a truck while reclining on the lawn of the camp grounds. The truck was owned by defendant Tripp Lake Estates, Inc. At the time of the accident the truck was being operated in the business of Green Mansions by its employee, the impleaded defendant Mazone.

Plaintiff sued the corporate defendants to recover damages for personal injuries on the grounds of negligence in the operation of the truck. On motion Green Mansions impleaded Mazone on a cross-claim for indemnity against any liability in favor of plaintiff.

The right of the master to recover over against a negligent servant for liability imposed derivatively is essentially one for indemnity. However, this right is not available to a master who is himself guilty of negligence based upon his own acts that contribute to the wrong causing damage or injury to a third party (*Oceanic Steam Navigation Co.* v. *Compania Trans-*

*atlantica Espanola,* 134 N. Y. 461; *Fedden* v. *Brooklyn Eastern District Terminal,* 204 App. Div. 741, 744).

There was evidence in the case sufficient to establish negligence in the operation of the truck by Mazone. There was additional evidence, however, to support an inference that Mazone in driving upon the lawn was acting on the instructions or direction of his supervisor, who was also the plant superintendent for Green Mansions. This practice was followed as part of Mazone's daily routine in picking up linens at the camp, despite the fact that guests were accustomed to recline upon the lawn to the knowledge of Mazone's employer.

Unless the negligent operation of the truck was the sole producing cause of plaintiff's injuries, Green Mansions may not obtain indemnity from Mazone. On this record, however, we feel that the trial court was fully justified in finding that Green Mansions was itself a primary wrongdoer and actively at fault so as to forfeit any right to indemnity from its employee. Accordingly, we think that the dismissal of its cross complaint against Mazone was proper in the circumstances of this case.

We likewise find no error in the dismissal of plaintiff's complaint as against defendant Tripp Lake Estates, Inc.

The judgment appealed from should be affirmed in all respects, with costs and disbursements to plaintiff-respondent and the impleaded defendant-respondent Mazone as against defendant-appellant Green Mansions, Inc., and to defendant-respondent Tripp Lake Estates, Inc., as against plaintiff-appellant.

SHIENTAG, J. (dissenting). In this negligence action, tried without a jury, plaintiff, who was a guest at Green Mansions, Inc., a summer camp, sued for damages resulting from the fact that she was run over by a truck operated by defendant Mazone and under the control of Green Mansions, Inc.

Plaintiff chose to sue Green Mansions, Inc., and did not join Mazone. Mazone was impleaded by Green Mansions, Inc., as one who would be liable over to it in case it were compelled to respond in damages to the plaintiff.

It appears that it was Mazone's duty to collect linen, that he was told to use the truck to do it, and that he was permitted to drive on the lawns. These instructions came from the employer, Green Mansions, Inc. While Mazone was collecting laundry at the time of the accident, he negligently and carelessly backed his automobile on to the lawn and ran over the plaintiff. Though recovery was granted against the employer, the judgment over against the employee was denied on the theory that the act which caused the accident had been directed.

The proximate cause of this accident was the negligent operating of the truck which Mazone backed without exercising due care as to whether plaintiff or anyone else was on the lawn and in the way. There is no evidence to justify a holding that Mazone's instructions were such that it could be inferred that he had been given orders to drive over the lawn negligently, and to back up without looking to see if anyone were in the way of his truck. It is clear that the injury in this case resulted from the negligent carrying out of instructions which in themselves were harmless and not calculated to injure anyone.

Under these conditions, if the master is to be held under the doctrine of *respondeat superior,* the master is entitled to a judgment over against the servant whose active negligence caused the damage. As was said in *Oceanic Steam Navigation Co.* v. *Compania Transatlantica Espanola* (134 N. Y. 461, 467):

" When damages have been recovered by a judgment against a master for injuries sustained by a servant's negligence, the master not having contributed, the sum so paid by the latter may be recovered from the servant. \* \* \*.

" Sufficient cases have been cited to show that one who has been held legally liable for the personal neglect of another is entitled to indemnity from the latter, no matter whether contractual relations existed between them or not, and that the right to indemnity does not depend upon the fact that the defendant owed the plaintiff a special or particular legal duty not to be negligent. The right to indemnity stands upon the principle that every one is responsible for the consequences of his own negligence, and if another person has been compelled (by the judgment of a court having jurisdiction) to pay the damages which ought to have been paid by the wrongdoer, they may be recovered from him." (See, also, *Smith* v. *Foran,* 43 Conn. 244; *Grand Trunk Ry. Co.* v. *Latham,* 63 Me. 177; *Merlette* v. *North and East River Steamboat Co.,* 13 Daly 114; *Gaffner* v. *Johnson,* 39 Wash. 437; *Fedden* v. *Brooklyn Eastern District Terminal,* 204 App. Div. 741.)

Counsel for defendant Mazone urge, in support of the dismissal as to that defendant, section 96 of the Restatement of the Law of Restitution, to the effect that where a person acts for another in accordance with the other's directions, and as a result becomes liable in tort, the other has no right to indemnity from the person who so acted. But that involves an entirely different situation from that presented here. However, section 96 of the Restatement of the Law of Restitution, does

lay down the principle which governs this case as follows: "A person who, without personal fault, has become subject to tort liability for the unauthorized and wrongful conduct of another, is entitled to indemnity from the other for expenditures properly made in the discharge of such liability."

The note to this principle reads: " * * * Thus the rule applies to require a servant or other agent to indemnify his master or principal who has paid damages to a third person injured by the unauthorized tort of the servant or other agent * * * ."

The judgment should be modified to the extent of directing that Green Mansions, Inc., have judgment against Vincent Mazone on its cross complaint, and as so modified the judgment should be affirmed.

PECK, P. J., DORE, CALLAHAN and VAN VOORHIS, JJ., concur in Per Curiam opinion; SHIENTAG, J., dissents in opinion.

Judgment affirmed, with costs and disbursements to plaintiff-respondent and the impleaded defendant-respondent Mazone as against the defendant-appellant Green Mansions, Inc., and to the defendant-respondent Tripp Lakes Estates, Inc., as against plaintiff-appellant. Settle order on notice.